STATE, *ex rel.* FLORIDA NATIONAL BANK, AT ST. PETERSBURG, .v. DAVID SHOLTZ, Governor, J. M. LEE, State Comptroller, W. V. KNOTT, Treasurer, as and constituting the BOARD OF ADMINISTRATION OF THE STATE OF FLORIDA, *et al.*

160 So. 196.

Order Entered March 16, 1933.

Rehearing Denied April 5, 1935.

*W. B. Dickenson,* for Relator;

*Cary D. Landis,* Attorney General, *H. E. Carter,* and *Robert J. Pleus,* Assistants, and *John C. Blocker,* for Respondents.

PER CURIAM.—This cause having been argued upon respondents' motion to quash the alternative writ of mandamus, and the Court being of the opinion that the alternative writ is good in substance, it is ordered that the respondents' motion to quash be and the same is hereby overruled and respondents allowed ten days within which to file their return, in default of which the Clerk is directed to enter judgment for a peremptory writ of mandamus in the premises.

In a mandamus suit brought against the State Board of Administration to sequester moneys raised to pay defaulted interest coupons by having same paid over to relator out of *ad valorem* tax moneys remitted to and coming into possession of the State Board of Administration under Chapter 14486, Acts 1929, for that specific purpose, the County Commissioners of the obligor county are properly joined as parties respondent to the writ of mandamus. This is so because the writ of mandamus in such cases operates as an execution against the county funds represented by the *ad valorem* taxes sought to be reached and applied in satisfaction of the commands of the writ, and the County Commissioners, as the official representatives of the obligor county or road district which issued the bonds whose interest coupons have gone into default, are therefore properly joined as parties respondent in order to give the county, as the obligor on the coupons, an opportunity to present defenses, if any the county has thereto, as well as to make the writ of mandamus completely effective against the county as the obligor on the coupons thus sought to be satisfied in that manner.

Motion to quash alternative writ denied with leave to file further pleading by way of return.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.