DAVID SHOLTZ, J. M. LEE, and W. V. KNOTT, as members of and constituting the State Board of Administration of the State of Florida, and W. V. KNOTT, as *ex officio* Treasurer of Citrus County, Florida, v. STATE, *ex· rel.* RALPH M. WINTERS.

163 So. 402.

Opinion Filed October 3, 1935.

*Cary D. Landis,* Attorney General, and *Robert J. Pleus,* Assistant, for Plaintiff in Error.

*Hope Strong,* of Winter Park and *William K. Whitfield,* of Tallahassee, for Defendant in Error.

DAVIS, J.—In this case an inspection of the record has been made and the judgment rendered found to square with the precedents set in earlier cases previously decided by this Court after eliminating from consideration some of the questions argued which we find were not properly raised in the court below so as to be availed of on this writ of error, if at all.

It was no defense to a writ brought to subject applicable moneys already on hand to pay relator's demand, that relator has heretofore made no objection to the levying of

insufficient taxes to pay him in past years, whereby his matured interest coupons have not been paid from such taxes.

It was the spontaneous responsibility of the accountable local public officers charged with the duty of annually raising revenues to pay relator's coupons, to see to it that payment was earlier made, and the fact that they defaulted in so doing is what this proceeding attempts to supply a remedy for in the form of a judgment for the payment of relator's coupons out of moneys applicable to pay his demand. The cited case of State, *ex rel*. Gillespie v. Bay County, 113 Fla. 687, 151 Sou. Rep. 10, had to do with the enforcement by mandamus of a cumulative *tax levy* for several past years taxes at one time—not to the disbursement by a state board of moneys which its legal duty requires it to disburse as directed by the judgment in this case, which is

Affirmed.

WHITFIELD, C. J., and TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—I think the motion to quash filed in the court below should have been granted. The Board of County Commissioners should have been made parties. These funds were county funds. Under the Constitution, the State cannot appropriate the proceeds of a State tax to pay county bonds; nor can the State obligate itself in any way to pay county bonds. The State Board of Administration is not the debtor here. It is a mere fiscal agent of the county. Amos v. Mathews, 99 Fla. 1, Carlton v. Mathews, 103 Fla. 301, 379; 137 So. 815; Gillespie v. Carlton, 103 Fla. 810, 138 So. 812. The reason is even stronger where as here county ad valorem tax moneys are involved. See Fla. Nat'l Bank v. Sholtz, 160 So. 196. I doubt the applicability of the first come, first served, rule in cases of this kind.