## HENDERSON v. McDEARMONT.
### No. 4942.

Court of Appeal of Louisiana.
Second Circuit.
Feb. 5, 1935.

Milton C. Trichel, Jr., and A. M. Richmond, both of Shreveport, for appellant.

Isaac Abramson, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff sued for balance of $256.02 on open account for material and supplies furnished and money advanced defendant, "as per annexed statement of account." The total of the account is alleged to have been $548.02. Payments aggregating $292 are admitted. The defense is a general denial. However, during the trial defendant admitted owing plaintiff $22 for goods and merchandise sold him. He appealed to this court from a judgment for plaintiff for the full amount sued for.

The account sued on discloses that it contains charges for rent on an automobile for 157 days at $1.50 per day, a total of $235.50. No reference to such charges is made in the petition. The allegations of the petition make it quite clear that the account was for materials and supplies sold to defendant and cash loaned him. Defendant did not object to the evidence tendered by plaintiff to prove that he rented defendant an automobile at the price of $1.50 per day and that it was used under the agreement for 157 days. In rebuttal of such evidence, he introduced several witnesses by whom he expected to prove that he never leased the car at all, but bought it on credit from plaintiff, who repossessed it when defendant failed to make satisfactory payments thereon. Nearly all of this proffered testimony was excluded by the trial court.

There may be doubt of the admissibility of the evidence introduced by plaintiff to prove the correctness of the charges for use of his car, but, as it was not objected to, it is properly in the record and should be given due consideration. If not admissible under the pleadings, the fact that it went in without objection certainly enlarged the pleadings to that extent, and, in either instance, defendant had the right to offer testimony to support his contention that he purchased the car on credit, but did not rent it.

We think the case should be remanded to the lower court for the purpose of admitting evidence that may be offered by either side touching the issue vel non of the sale or rental of the automobile in question; and, for the reasons given, the judgment appealed from is annulled and set aside, and this case remanded to the lower court for the purposes above stated. Costs of appeal are assessed against plaintiff appellee.