STATE, *ex rel.* ÉDWIN C. ANDREWS, R. M. GRANT, METRO-POLITAN LIFE INSURANCE COMPANY, a Corporation, *et al.*, v. DAVID SHOLTZ, Governor, *et al.*, as and constituting a Board of Administration, *et al.*

162 So. 865.
Opinion Filed July 8, 1935.
Petition for Rehearing Denied August 27, 1935.

*Loftin, Stokes & Calkins,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *Robert J. Pleus,* Assistant, for Defendants in Error.

DAVIS, J.—On November 16, 1934, the Circuit Court of Leon County issued an alternative writ of mandamus against the State Board of Administration showing in substance that Special Road and Bridge District No. 13, of Pinellas County, owed relator the sum of $25,080.00 for interest coupons due on lawfully issued bonds of said district, which coupons it was averred that the State Board of Administration refused to pay because of certain arbitrary directions that had been given to it by the Board of County Commissioners of Pinellas County to disburse no money from

funds to the credit of said district except on order of a court. The alternative writ affirmatively pleaded the fact that at the time it was issued there was in the hands of respondent, W. V. Knott, as county treasurer of Pinellas County *ex officio,* the sum of $25,102.42 which was derived from gasoline taxes that had been specifically appropriated for the purpose of paying outstanding interest coupons maturing during the year 1934. The writ affirmatively shows that all relator's coupons matured during or prior to that year.

The trial court held on motion to quash the alternative writ that while there was shown to be sufficient money in the interest and sinking fund of the affected Special Road and Bridge District to meet the requirements of relator's writ, that because there was not shown to be sufficient money on hand to meet and pay *all* of the past due outstanding coupons of the district at the time the writ was issued, that the alternative writ of mandamus was insufficient in law to warrant relator relief as prayed.

It is the contention of plaintiffs in error in this appellate proceeding in error to the final judgment of the Circuit Court quashing and dismissing relator's alternative writ of mandamus that, inasmuch as it was made to appear by relator's alternative writ that the affected Special Road and Bridge District had previously *definitely and finally appropriated* its allocable gasoline tax revenues received and to be received during the fiscal year of October 1, 1933, to October 1, 1934, to the payment of any and all interest coupons maturing during said fiscal period, *and on the strength of said definite and final appropriation had exercised and enjoyed its statutory right under Chapter 14485, Acts* 1929, *to correspondingly reduce its required ad valorem tax levy* so as to produce by the latter means only the dif-

ference between the amount of money reasonably anticipated to be received from gasoline taxes and the total of the district's interest requirements, and that inasmuch as such Special Road District had thus expressly substituted by means of such final disposition its gasoline tax revenues for unraised *ad valorem* tax revenues, which latter kind of revenues had not been collected and paid in due season into the interest and sinking fund of said district on account of such substitution, that said gasoline taxes revenues thereupon, by operation of law, became commuted into a substituted revenue for the otherwise collectible and pledged *ad valorem* taxes, and was accordingly rendered in law subject to sequestration and seizure on writs of mandamus the same as *ad valorem* taxes would have been had they been levied for, locally collected and thereafter remitted to the State Board of Administration to discharge the obligation of the affected district bonds.

The contention of plaintiffs in error must be sustained and the judgment of the Circuit Court reversed on the authority of the following decisions of this Court in analogous cases: State, *ex rel.* Florida National Bank, v. State Board of Administration, 115 Fla. 753, 154 Sou. Rep. 876, 156 Sou. Rep. 15; State, *ex rel.* Center, v. Sholtz, 116 Fla. 764, 156 Sou. 749; (State, *ex rel.* Suwannee River Bridge Co., v. Sholtz, 119 Fla. 706, 160 Sou. Rep. 872; 119 Fla. 460, 158 Sou. Rep. 812, 114 Fla. 135, 154 Sou. Rep. 871).

Reversed.

WHITFIELD, C. J., and ELLIS and BUFORD, J. J., concur.