STATE, *ex rel.* CITY & COUNTY HOLDING CO., v. BOARD OF PUBLIC INSTRUCTION OF BROWARD COUNTY, *et al.*

163 So. 8.

Division A.

Opinion Filed July 23, 1935.

*Julian E. Ross,* for Plaintiff in Error;

*R. R. Saunders,* for Defendants in Error.

DAVIS, J.—At the instance of plaintiff in error as relator in the court below, the Circuit Court issued an alternative writ of mandaamus to the defendants in error, respondents in this proceeding, commanding them to immediately convene and authorize a warrant or warrants to be drawn on the depository wherein the moneys collected from taxes levied for the payment of bonds and coupons of Special Tax School Districts Nos. 2, 3, 4 and 5 were deposited, and against the moneys in said respective funds (except such amounts as are impounded by writs of mandamus against such funds previously served) for the payment of relator's bonds and coupons described in the alternative writ of mandamus, or so many of said coupons and bonds as said sums would satisfy and discharge, in exchange for the surrender of such coupons and/or bonds, and that all official signings and executions of documents, etc., be carried out by respondents in order to accomplish the commanded payment of relator's claims.

The return to the alternative writ was in confession and avoidance, in that it admitted that sufficient moneys were

on hand to pay relator's claim but averred that such resources were not available to be used for such purpose because of the fact that the Board of Public Instruction of Broward County, on December 11, 1933, prior to the issuance of said alternative writ of mandamus on October 1, 1934, had duly passed a resolution, the text of which is as follows:

"*Whereas* the Board of Public Instruction for the County of Broward, State of Florida, did under date of August 29, 1933, adopt motion requesting the Board of County Commissioners of said county to levy 15 mills upon the dollar valuation in each of the five special tax school districts in said county for the year 1933 for debt service purposes; and

"*Whereas* under date of September 7, 1933, said motion was modified in that said Board of Public Instruction requested said Board of County Commissioners to levy 10 mills upon the dollar valuation for debt service purposes for the year 1933 in each of the said five special tax school districts; and

"*Whereas* the Board of County Commissioners of Broward County, Florida, pursuant to said request by the Board of Public Instruction did levy a tax of 10 mills upon the dollar for debt service purposes for the year 1933 in each of the special tax school districts in said Broward County; and

"*Whereas* the members and secretary of said Board of Public Instruction have been served with an alternative writ of mandamus issued out and from the Supreme Court of Florida, wherein the State of Florida, *ex rel.* J. W. Gillespie, L. F. Rodgers and James G. Martin are relators and LaMar Thistlewaite, *et al.*, are respondents, by which writ it is sought to require said Board of Public Instruction together with other officials of Broward County to revise

the budget and tax levy of said County for the year 1933 and to levy an additional tax in Special Tax School Districts 1, 2, 3 and 5 for the year 1933 for the purpose of paying bonds and interest coupons thereon issued by said respective districts; and an agreement having been reached between this board and the relators in said suit and the adoption of this resolution being a part of said agreement;

"THEREFORE, BE IT RESOLVED, That the Board of Public Instruction for the County of Broward, State of Florida, does herewith appropriate to the payment of the obligations described in the alternative writ of mandamus aforesaid the 10 mill levy for the year 1933 for debt service purposes in Districts 1, 2 and 5, and does herewith appropriate the 10 mill levy for debt service purposes for the year 1933 in said District No. 3 to be held in a special fund pending the final determination of the suit wherein Alton M. Ake is relator and the members of this Board are respondents and which involves obligations of said District No. 3, and upon the final determination of said latter named suit in favor of the said Alton M. Ake, said funds to be used as may be required under court orders issued in said suit and in the event this board shall be successful upon the final determination of said latter named suit then the said 10 mills levied for debt service purposes for the year 1933 in District No. 3 shall be appropriated to the payment of obligations of said district described in the said alternative writ of mandamus in which J. W. Gillespie, *et al.*, are relators; that the income from said levies as hereinbefore described from said respective districts shall be applied by using the income from the levy of each district for the retirement of its obligations, and in no event shall the levy from one district be used for the retirement of obligations of another district;

"BE IT FURTHER RESOLVED, that all motions, resolutions, budgets and estimates heretofore adopted by this Board with respect to the said 10 mill levy in each of said districts for debt service purposes for the year 1933 be and the same are hereby amended, modified and revised to the extent provided by this resolution."

From other allegations and exhibits attached to the School Board's return, it appears that on October 20, 1933, an alternative writ of mandamus had been obtained from the Supreme Court by J. W. Gillespie, L. F. Rogers and James C. Martin, as relators, against the School Board of Broward County and co-related respondent county officials, the command of which writ was to require the respondents to cause a special tax levy to be made in Special Tax School Districts Nos. 1, 2, 3 and 5 for interest and sinking fund purposes sufficient to pay the bonds and coupons held by the relator in that case.

Subsequent to the issuance and service of the Supreme Court alternative writ of mandamus, a special order was sought and granted in the Supreme Court under date of November 9, 1933, expressly permitting the Tax Assessor of Broward County, Florida, to certify and deliver to the Tax Collector of Broward County, and to the Comptroller, the Broward County assessment roll of 1933, as required by the statute, but minus the special tax levy for 1933 sought by relator to be impressed upon that particular tax roll.*

---

*The issuance of any such special order was wholly superfluous to accomplish what was done under it, since (without a special order of Court to that express effect) the mere institution of a mandamus suit seeking to have ordered a special tax levy made for a particular year, does not *ex proprio vigore* operate to arrest all the county's tax levy and assessment procedure in preparing and equalizing its tax rolls as to other taxes for that

On January 2, 1934, an order of the Supreme Court was entered reciting that a stipulation had been filed by the respective parties showing that the respondents had fully complied with the commands of the alternative writ and that upon motion of the parties therefore, the alternative writ of mandamus issued by the Supreme Court in the premises would stand discharged and vacated.

In consequence of the foregoing, respondents in the court below, set up in their petition the special plea that by reason of the proceedings instituted in the Supreme Court, coupled with the School Board's resolution of December 11, 1933, hereinbefore quoted, that the School Board had become legally barred from compliance with the commands of the plaintiff in error's alternative writ in this case. This, they asserted, was because of the appropriation of the identical money sought to be reached in their hands, as a Board, that had been made in and by their resolution of December

year, as scheduled to be done according to statute. But even after such order was entered, it was within the province of the Supreme Court to affirmatively order back the rolls into the hands of the Tax Assessor had that been deemed appropriate and necessary to make effective its mandate for a peremptory writ issuable in time to be impressed upon the 1933 tax roll without occasioning undue confusion and disorder in county fiscal operations by reason thereof. See State, ex rel. Berkemeyer, v. Gaines, Tax Assessor, 100 Fla. 1372, 131 Sou. Rep. 115. Hence the sole effect of such order was merely to serve the convenience of the Tax Assessor through a declaratory judicial order relieving him from the fear that his tax roll for that year would be required by the Court to be recalled and rewritten in order to carry out the mandate of a peremptory writ ordering the inclusion therein of a special tax, although it had been prepared and submitted absent such special tax at a time antedating any judgment of the court awarding a peremptory writ of mandamus requiring it.

11, 1933, which it is averred was adopted by way of a compromise and settlement of the pending Supreme Court mandamus suit.*

The Circuit Judge sustained the respondents' plea in confession and avoidance so set up in the return as aforesaid, and from the resultant final judgment denying the relator below a peremptory writ on the pleadings, plaintiff in error has prosecuted this writ of error to the Supreme Court.

· It is our conclusion that the Board of Public Instruction's resolution of December 11, 1933, was, as to third parties, wholly ineffective as an absolute appropriation of the entire 1933 school bond tax levy for the sole benefit of relators Gillespie, *et al.*, even though such resolution had been agreed to and put into effect as a means of compromising and settling the case of State, *ex rel.* Gillespie, *et al.*, v. Board of Public Instruction of Broward County, then pending undisposed of in the Supreme Court.

The foregoing conclusion has been reached because of the very nature of what transpired in connection with the voluntary dismissal of the Supreme Court writ on January 2, 1934, which dismissal simply operated to discontinue in the Supreme Court the then pending effort to enforce a special and particular earmarked tax levy to be made and collected to discharge relator's bonds and coupons described in that case. The judgment of the Supreme Court entered here on January 2, 1934, was not a final judgment giving effect to the terms of the resolution of December 11, 1933, if indeed it could have been lawfully made such

---

*The object of which suit, however, was not to operate as an execution against any applicable moneys then on hand, but to have levied and earmarked for relator's benefit, a special tax to be collected to pay relator's claim in that case.

without an amendment to the command of the alternative writ of mandamus, the scope and character of which command could not be effectually modified by a mere stipulation, at least insofar as the rights of third parties might become affected thereby.

The fact that such a stipulation, like any voluntary stipulation made in court, might be enforceable *inter partes,* cannot extend the operative effect thereof to the prejudice of legal rights of third parties, which legal rights can only be cut off or affected by a proper final judgment duly entered in such cases, and then only to the extent that a definite final judgment so binding the respondents as to thereby incidentally bind the world, may be lawfully entered in the case in conformity to appropriate pleadings.

On the other hand, a specially ordered earmarked tax levy made pursuant to a judgment of the court rendered in a mandamus case, when collected, constitutes a special fund for relator's benefit and may not be reached and sequestered by other proceedings in mandamus looking toward the enforced application of such tax moneys to a claim not embraced within the special purpose for which the special earmarked levy was ordered. In short, a special tax levy when ordered to pay bonds or coupons, is to be treated in like manner as if it were a special tax levy to pay a judgment rendered on such bonds, where the same is the result of a mandamus proceeding instituted to create a special fund to pay particularly designated coupons or bonds described in the alternative writ and comprehended within the scope of the judgment for a peremptory writ awarded thereon.

Reversed with directions to have appropriate proceedings not inconsistent with this opinion.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and BUFORD, J., concur in the opinion and judgment.