CITY OF KISSIMMEE, *et al.,* v. STATE, *ex rel.* BEN HUR
LIFE ASSOCIATION.

163 So. 473.
Opinion Filed October 4, 1935.
Rehearing Denied October 22, 1935.

*Lewis O'Bryan* and *George P. Garrett,* for Plaintiffs in
Error;

*Casey & Walton* and *Frank O. Spain,* for Defendant in
Error.

DAVIS, J.—In this case the City of Kissimmee, pursuant
to a resolution adopted by the City Commission, levied mu-
nicipal ad valorem taxes and therein provided that the levy
thereby to be made for debt service to pay interest on cer-
tain coupons on specified bonds of the city, should be col-
lected and held for *pro rata* distribution among the creditors

of the city for whose benefit the levy was made. The Circuit Judge held against the city on its contention that the doctrine of the so-called "first come, first served" rule should not be applied to a creditor who by this proceeding in mandamus sought payment in full out of an accrual from the levy above referred to, and required by a peremptory writ that the City Bond Trustees should pay relator's particular claim in full—the funds on hand being shown to be sufficient for that purpose, despite the fact that the total fund realized from the tax levy was not sufficient to pay in full the claim of all of the city's creditors for whose *pro rata* benefit the limited levy was claimed to have been made. It is with the city's assertion of error in the Circuit Judge's ruling as aforesaid that we are called upon to deal on this writ of error prosecuted by the City to the final judgment rendered against it.

The bonds involved in this case, as shown by the alternative writ, were issued under authority of Chapter 11578, Acts 1925, Extra Session, Section 4 of which provides as follows:

"It is hereby made the duty of the City Commission to assess and collect such taxes from the citizens upon the property within the City as shall be necessary for the payment of interest upon, as well as the principal of said bonds."

The City's contention in this case is that because the municipality's particular tax levy resolution involved in this instance expressly provided that the instant levy should be made to pay certain specified interest coupons on certain specified bonds, and that it should be collected for distribution *pro rata* only to the creditors entitled to invoke Section 4 of Chapter 11578, *supra,* as a resource for payment of their claims, that the doctrine we have followed in all pre-

vious mandamus cases of enforcing payments against funds on hand according to the rule of "first come, first served" should not apply in a situation such as is here presented, where the object of the tax levy resolution actually passed is tied up with a definitely stated purpose on the part of the city not to levy and collect such taxes according to Section 4 of Chapter 11578, *supra,* as "shall be necessary for the payment of interest upon, as well as the principal" of the city's bonds.

Such contention on the City's part has been often asserted and as often rejected by this Court as a reading of the following cases will disclose: State, *ex rel.* Gillespie, v. Carlton, 103 Fla. 810, 138 Sou. Rep. 612; Humphreys v. State, *ex rel.* Palm Beach Co., 108 Fla. 92, 145 Sou. Rep. 858; State, *ex rel.* N. Y. Life Ins. Co., v. Curry, 104 Fla. 242, 139 Sou. Rep. 891; Moran v. State, *ex rel.* Montgomery, 111 Fla. 429, 149 Sou. Rep. 477; Gerard v. State, *ex rel.* Pleus, 110 Fla. 307, 148 Sou. Rep. 552; State, *ex rel.* Mittendorf, v. Hoy, 112 Fla. 526, 151 Sou. Rep. 1; State, *ex rel.* Suwannee River Bridge Co. v. Sholtz, 114 Fla. 135, 154 Sou. Rep. 871.

This Court has likewise felt impelled to hold that even where a special legislative Act expressly authorizes a municipality to so construct its budget as to work an embarrassment, retardation or postponement of the legal rights of creditors, by confining them to a *pro rata* distribution payment, when full payment was required by the law in force at the time bonds and coupons sued upon were issued, such an act amounts to an unconstitutional impairment of the obligation of contract implied in the bonds and coupons, and is consequently a direct violation of both the State and Federal Constitution on that subject. State, *ex rel.* Buckwalter v. City of Lakeland, 112 Fla. 200, 150 Sou. Rep. 508.

The action here is a proceeding at law in mandamus.

If the City of Kissimmee has in fact become bankrupt, so that it can now do no more for the benefit of its creditors than make payments to its bond and coupon holders on a *pro rata* basis by means of the tax resources it has available, its appeal for relief from the law's requirement of full payment in such a situation must be addressed to a United States District Court sitting in bankruptcy in accordance with the Constitution of the United States and any applicable Acts of Congress passed pursuant thereto.

State courts, especially state courts of law, have no power to make judicial innovations in long established and declared legal principles concerning creditors' rights and privileges under which municipal bonds have been heretofore proposed, issued and sold pursuant to legislative authority. And any attempt on their part so to do would in the end, be of little value to the favored· muncipality litigant, since it would tend to ultimately destroy all credit of all the municipalities of Florida, by putting solvent municipalities, as well as those that are insolvent, on an identical basis, namely, a bankruptcy basis, in order to deal with some exceptional instance that might in fact entitle that particular defendant to invoke and have the protection of bankruptcy privileges, if appropriately sought in the proper tribunal.

When this Court in 1931 first had before it for consideration the so called "first come, first served" rule we have since held applicable in mandamus cases involving efforts to judicially have paid accrued funds to satisfy matured public securities, there was cited to it no holding from any State in the United States, nor from any English speaking country outside of the United States, deciding to the contrary of that rule with respect to such rule as applied to a general and unlimited municipal bond obligation. The rule

itself is grounded on the necessarily presumed solvency of all public debtors, and is analogous to the rule prevailing in ordinary law cases as to priority of collection of judgments and executions when that question arises. State, *ex rel.* Suwannee River Bridge Co. v. Sholtz, 119 Fla. 460, 160 Sou. Rep. 872.

· Therefore, until a municipal corporation is duly adjudicated a bankrupt by competent authority under the laws of Congress enacted to that end, state courts of law are powerless to apply to the decision of cases involving the enforcement of the valid debts of such corporations, rules of *pro rata* distribution of available resources that are only appropriate to being applied in cases of bankruptcy on the debtor's part.

If creditors other than relator are likely to be prejudiced by the complete exhaustion of the funds on hand to the credit of the City of Kissimmee to pay its entire issue of outstanding bonds and coupons, a complaint in that behalf is not available to be asserted by the debtor municipality. The debtor municipality in this case at all events owes this particular relator the inescapable duty to pay his claim in full when it has funds in hand applicable for that purpose, although some other creditor not before the court, and asserting no objection thereto, may be thereby forced to take legal proceeding to raise another fund out of which his own claim can be likewise paid. Staye, *ex rel.* Gillespie, v. Carlton, *supra.*

The judgment of the Circuit Court accords with the long established legal principles consistently announced in the past decisions of this Court, and should accordingly be not set aside or reversed at this time.

Affirmed.

WHITFIELD, C. J., and TERRELL and BUFORD, J. J., concur.

Brown, J., dissents.

Brown, J. (dissenting).—We have several times held that the proceeds of taxes lawfully levied and collected for one purpose cannot be diverted to another purpose. Oven v. Ausley, 106 Fla. 455, 143 So. 588; Keefe v. Cotton, 106 Fla. 733, 143 So. 644; State v. Board of Public Instruction, 163 So. 8. See also State v. City of Fort Pierce, 106 Fla. 845, 143 So. 733, and the writer's dissenting opinion in State, ex rel. Buckwalter, v. City of Lakeland, 112 Fla. 200, 150 So. 508, 514, 90 A. L. R. 704.