DAVID SHOLTZ, *et al.,* v. STATE, *ex rel.* BEN HUR LIFE ASSOCIATION

165 So. 34.
Division B.
No. 2292.
Opinion Filed December 20, 1935.

*Cary D. Landis,* Attorney General, and *Robert J. Pleus,* and *James B. Watson, Assistants,* for Plaintiffs in Error.

*Casey & Walton,* of Miami, and *William K. Whitfield,* of Tallahassee, for Defendant in Error.

BUFORD, J.—The writ of error brings for review a judgment awarding peremptory writ of mandamus commanding the respondents, Dave Sholtz, J. M. Lee and W. V. Knott, as members of and constituting the State Board of Administration, forthwith to convene as such Board and when so convened forthwith order that the sum of $8,140.00 be paid out of the proceeds of ad valorem taxes levied by the County of Monroe, State of Florida, for the purpose of paying interest upon the bonds issued by Monroe County dated June 1, 1925, designated as highway bonds and bridge bonds and remitted to and now in the possession of the respondent, W. V. Knott, as County Treasurer Ex Officio of Monroe County, Florida, in payment of relator's past due and unpaid interest coupons. Then follows a description of the coupons and thereafter follow commands to carry into effect this order.

The plaintiffs in error present two questions, as follows:

"In a mandamus action brought to subject to payment funds in the hands of the State Board of Administration, should the members of the Board of County Commissioners of the County involved be joined as parties respondent?

"In a mandamus proceeding to subject ad valorem tax funds in the hands of the State Board of. Administration

to the payment of certain matured interest coupons, where the return to the alternative writ of mandamus sets up specifically that relator is guilty of laches by standing by and allowing hopelessly insufficient levies to be made, and a motion for peremptory writ admits such allegations, should the peremptory writ be granted?"

There is nothing in the pleadings to show that the County Commissioners at the time of the institution of the suit, or at any time since the suit was filed, have had any control over the funds in the hands of the Board of Administration and, therefore, if they had been made parties to these proceedings there would have been nothing for the writ to require them to do.

In State, *ex rel.* Fla. National Bank v. Board of Administration, 115 Fla. 753, 154 Sou. 876, we said:

"There being a clear legal duty on the part of the State Board of Administration under Chapter 14486, Acts of 1929, to make advance provision for the disbursement and distribution of applicable and available funds on hand necessary to the discharge of interest coupons currently falling due and payable out of a fund on hand which appears to be sufficient to pay all equally entitled at the time a writ of mandamus is applied for, it follows that such duty may be enforced by mandamus upon the principles stated in State *ex rel* Orrell, v. Johnson, 109 Fla. 263, 147 Sou. Rep. 254, wherein it was pointed out that the statutory duties of the State Board of Administration, both express and arising by necessary implication, are subject to enforcement by mandamus proceedings against the Board. See also State, *ex rel.* Suwannee River Co. v. State Board of Administration, 114 Fla. 135, 158 Sou. Rep. 871, decided March 3, 1934, at the present term of this Court."

In that case the Board of County Commissioners were

made parties respondent and such practice was approved in the following language:

"Because of the right which the statute, as an enforceable State law, vests in the relator to look to the State Board of Administration to execute the true intent and purpose of Chapter 14486, *supra,* by making a prompt, orderly, systematic and impartial distribution of moneys held by it for distribution as the fiscal agent for the several counties and several road and bridge districts of the State, relator is a proper party to apply for mandamus, and respondents, being all the parties who have or could have any jurisdiction or control, advisory or otherwise, over the distribution of the available funds on hand, are the proper parties respondent to such writ."

This did not mean, however, that in all cases involving the payment of money in the hands of the State Board of Administration to bondholders or interest coupon holders who have the right to demand such payment it would be necessary to join the Board of County Commissioners as respondents. In many cases the State Board of Administration had been named as the sole respondent, with the result that relief by mandamus was granted against that Board.

In this case there is no question of the validity of the bonds. The validity of the bonds and the county's liability upon them is not a question to be determined here.

The State Board of Administration and the members thereof as such are by statute made the representatives of the county and in that capacity that Board could have interposed any defenses which the County or the County Commissioners might have on such obligations. See Amos v. Mathews, 99 Fla. 1, 126 Sou. 308; State, *ex rel.* Gillespie, *et al.,* v. Carlton, *et al.,* 103 Fla. 810, 138 Sou. 612; State,

*ex rel.* Suwannee River Bridge Co., v. Sholtz, *et al.,* 114 Fla. 135, 154 Sou. 871.

It is clear from the record that the alternative writ was completely effective to give the relief sought. It is true the Board of County Commissioners might have been made parties here and been required to advise the State Board of Administration in regard to the payment of the funds sought to be controlled, but there was no necessity for that to be done. In State, *ex rel.* Davis, v. Lee, 116 Fla. 726, 156 Sou. 724, we said:

"Governor, as member of State Board of Administration, is necessary party respondent to proceeding against board to compel disbursement of moneys by it that, if and when disbursed, must be disbursed according to determination of board as fiscal agency having sole jurisdiction to deal with funds disbursed (Acts 1929, Ex. Sess., c. 14486)."

In State, *ex rel.* Davis, v. State Board of Administration, 115 Fla. 806, 156 Sou. 130, we held:

"Where ad valorem taxes collected on property of Atlantic-Gulf Special Road and Bridge District and by statute pledged for payment of bonds had been delivered to and were in the hands of state board of administration as sinking fund, holder of matured and defaulted bonds of district held entitled to mandamus against board compelling payment of holder's pro rata share of such fund in board's hands at time of service of alternative writ (Acts 1929, c. 14486, Ex. Sess.; Sp. Acts 1925, c. 11127, Sec. 15)."

If the county commissioners had been made party to this suit that fact could have added nothing to the relief sought or granted.

The second question presented, hereinbefore quoted, has been determined adversely to the contentions of the plaintiff in error in every case in which we have applied the so-called

"first come, first served" rule. If this were not true then the "first come, first served" rule would not be available because such rule is only applicable where there has not been an adequate levy to produce sufficient funds to meet matured and maturing obligations. To say that the bondholder, or interest coupon holder, could not coerce the payment of his obligation from an existing fund though adequate to pay his obligation but not sufficient to pay all matured obligations unless he had first coerced a sufficient levy to produce funds with which to pay such obligation, would be to deny him the right to which we have consistently held him to be entitled.

In the case of Sholtz, *et al.*, v. Davis, opinion filed November 4, 1935, reported 163 Sou. 854, we held that the holder of the past due interest coupon on county road bonds to be entitled to mandamus to require the State Board of Administration to pay the coupons out of moneys derived from levy of *ad valorem* taxes based on millage fixed for that purpose, although the application of the fund to relator's coupons would not leave sufficient money in the fund to pay all other coupons within the same class. And we held this, although the levy of millage tax for the payment of delinquent interest coupons generally was made pursuant to mandamus proceedings to which relator Davis was not a party.

In the case of Treate v. State, *ex rel.* Dann, 118 Fla. 889, 160 Sou. 498, we said:

"As will be observed from our decisions, the holder of a municipal bond, as to which a contract has been made in the bonds by the obligor, pursuant to statute, for the seasonable raising of revenue with which to discharge the bond debt and periodic interest payments, when and as due, is entitled to seek and have at least three forms of relief by

mandamus: (1) a mandate to require the obligor municipality to follow the statutory provisions constituting the financial plan under which the bonds were issued, by doing whatever is necessary to anticipate and provide for the orderly payment at maturity of the whole series of bonds and interest coupons of which relator's bonds and interest coupons are a part; (2) a mandate to require the obligor municipality to appropriate or pay out any applicable funds already on hand in satisfaction of bonds or interest coupons already due and payable out of such funds but remaining unpaid; and (3) a mandate to require the obligor municipality to specifically raise a sufficient special tax to be earmarked and applied to relator's bonds and interest coupons alone, when and after it is made to appear that the obligor municipality has breached its duty to provide, as enjoined by law, for the prompt and orderly payment of the whole series of bonds and interest coupons of which relator's bonds are a part."

And in Sholtz, et al., v. State, ex rel. Winters, opinion filed October 3, 1935, reported 163 Sou. 402, we held:

"It was no defense to a writ brought to subject applicable moneys already on hand to pay relator's demand that relator has heretofore made no objections to the levying of insufficient taxes to pay him in past years whereby his matured interest coupons have not been paid from such taxes."

In the instant case the relator comes within the purview of the second classification above stated.

No reversible error being made to appear, the judgment should be affirmed. It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, and DAVIS, J. J., concur in the opinion and judgment.

BROWN, J. (concurring).—While I have not changed the views expressed in my opinion in State, *ex rel.* Buckwalter, v. City of Lakeland, 112 Fla. 200, 150 So. 508, 90 A. L. R. 704, the points made in this case have been decided adversely to the contentions of plaintiffs in error in several subsequent cases, and are no longer debatable questions in this jurisdiction. I therefore concur.