DAVID SHOLTZ, *et al.,* v. STATE, *ex rel* C. E. JONES.

168 So. 803.
Case No. 2514
Decision Filed April 20, 1936.
On Rehearing May 18, 1936.

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *James B. Watson,* Assistants, for Plaintiffs in Error;

*Casey & Walton, Miller Walton* and *William K. Whitfield* (of Tallahassee) for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the Plaintiffs in Error, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the

said judgment of the Circuit Court be and the same is hereby affirmed.

WHITFIELD, C. J., and ELLIS, BROWN, BUFORD and DAVIS, J. J., concur.

## ON REHEARING.

DAVIS, J.—Rehearing was granted in this case to determine, after oral argument and deliberate reconsideration, whether or not this case is at all distinguishable, in principle, from the cases of State, *ex rel.* Andrews, v. Sholtz, 120 Fla. 423, 162 Sou. Rep. 865; State, *ex rel.* Chalmers, v. Sholtz, 121 Fla. 514, 163 Sou. Rep. 926; Sholtz v. State, *ex rel.* Chalmers, 123 Fla. 100, 166 Sou. Rep. 319, Sholtz v. State, *ex rel.* Ben Hur Life Association, 122·Fla. 238, 165 Sou. Rep. 34, and Sholtz v. State, *ex rel.* Ben Hur Life Association, 122 Fla. 249, 165 Sou. Rep. 39, heretofore decided, and, upon the authority of which the judgment in this case was on April 20, 1936, heretofore affirmed without opinion.

The effect of this court's holding in State, *ex rel.* Andrews, v. Sholtz, *supra,* is to decide that when gasoline tax moneys have been duly appropriated to an interest and sinking fund account for the payment of past due and currently maturing interest on bonds, as contemplated by Chapter 14486, Acts 1929, and Acts amendatory thereof and supplementary thereto, that thereupon and thereby such gasoline tax moneys, so long as held by the State Board of Administration undisbursed, become to all intents and purposes a commutation of the ad valorem taxes for which such gasoline tax revenues have been substituted under the law in lieu of an ad valorem tax levy made to raise the amount so substituted.

It follows therefore that gasoline tax moneys, when held

in a presently disbursable fund by the State Board of Administration, duly appropriated as a commutation of unlevied ad valorem taxes contemplated to be otherwise collected to make up each fund, as provided for by the State Board of Administration Act (Chapter 14486, Acts 1929, *supra,* become, in contemplation of law, subject to the same liabilities under the "first come, first served" rule as the fund would be if it had been derived entirely from ad valorem tax moneys in the first instance. Hence mandamus to reach and apply the same under the "first come, first served" rule will lie, as in the case now before the Court. State, *ex rel.* Andrews, v. Sholtz, 120 Fla. 423, 162 Sou. Rep. 865, *supra.*

Reaffiirmed on rehearing.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.