David Sholtz, *et al.*, v. State, *ex rel.* Frederick W. Defoe

176 So. 37.

Opinion Filed July 31, 1937.

Rehearing Denied September 1, 1937.

Extraordinary Petition for Rehearing Denied September 15, 1937.

Cary D. Landis, Attorney General, and H. E. Carter and James B. Watson, Assistant Attorneys General, for Plaintiffs in Error;

Shutts & Bowen, Charles A. Carroll and William K. Whitfield (of Tallahassee) for Defendant in Error.

PER CURIAM.—The following opinion which was prepared by the late Mr. Justice DAVIS has been adopted by the Court as its opinion:

This case presents the contention, briefly put, that where certain of a county's outstanding road bonds have been refunded and the Board of County Commissioners have certified to the State Board of Administration (Chapter 14486, Acts 1929) that the refunding bonds have been issued, and that there has been appropriated in the county's budget, for credit to the account of said refunding bonds, and to them alone, all funds accruing and to accrue to the county's credit in the hands of the State Board of Administration as provided by law, that such certification of the County Commissioners, followed by an actual credit entered on its record by the State Board of Administration of all funds on hand to the refunding issue to the prejudice of the original bonds, can be set up in defense to an alternative writ

of mandamus obtained by a bondholder to procure payment of certain securities of the original issue that were in default. The Circuit Court rejected the defense and entered final judgment for the relator below. Respondent State Board of Administration has taken writ of error.

On the authority of the following prior decisions of this Court: State, *ex rel.* City & County Holding Co., v. Board Public Inst. Broward County, 120 Fla. 599, 163 Sou. Rep. 8; City of Kissimmee v. State, *ex rel.* Ben Hur Life Ass'n, 121 Fla. 151, 163 Sou. Rep. 473; Sholtz v. State, *ex rel* Ben Hur Life Ass'n, 122 Fla. 249, 165 Sou. Rep. 39; State, *ex rel.* Andrews, v. Sholtz, 120 Fla. 423, 162 Sou. Rep. 865; State, *ex rel.* Davis, v. State Board of Administration, 115 Fla. 806, 156 Sou. Rep. 130, we hold, as did the Circuit Court, that where a county has appropriated its anticipated gasoline tax revenue to its road and bridge bond sinking fund, and in consequence thereof has exercised its statutory privilege of reducing its debt service tax levies that would otherwise have been necessary to be made for the benefit of its outstanding unpaid road and bridge bonds for the support of which the sinking fund was established, that any subsequent attempted "ear-marking" of revenues properly allocable to the sinking fund, by appropriating them to principal and interest on only such part of the road and bridge obligations payable out of such sinking fund as are represented by exchanged refunding bonds, cannot avail as against the mandamus writ of the holder of defaulted road or bridge bonds of the original issue, absent a showing that the county or district obligor on the bonds has made in due season a lawful and proper levy of debt service taxes sufficient to provide for the payment of the unrefunded and defaulted securities according to the obligations of the original contractual sense thereof, inherent in their issuance.

Affirmed.

Terrell, Brown, Buford and Chapman, J. J., concur.