FRED P. CONE, J. M. LEE and W. V. KNOTT, as and constituting the State Board of Administration; J. M. LEE, as State Comptroller and as Secretary of the State Board of Administration; W. V. KNOTT, State Treasurer, and as County Treasurer *ex officio* of Pinellas County, v. STATE, *ex rel.* Florida Securities, Inc.

185 So. 150.
(Case No. 2961)
Opinion Filed December 12, 1938.

*Cary D. Landis,* Attorney General and *H. E. Carter* and *J. Compton French,* Assistant Attorneys General, for Plaintiffs in Error;

*Whitfield & Whitfield,* for Defendant in Error.

PER CURIAM.—The writ of error brings for review judgment awarding peremptory writ of mandamus, return to amended alternative writ of mandamus notwithstanding.

The return contains the following:

"(5) Answering numbered paragraph 5, these respondents say that the allegations therein, relative to their alleged duties, consist of conclusions which require no response; but they deny that any tax was levied for the fiscal years 1934-1935, for the payment of the securities herein described, or for the purpose of creating a sinking fund for the redemption thereof; but they admit that, from time to time, and prior to the refunding of said securities, certain taxes were levied, and the proceeds remitted to these respondents, pursuant to law.

"(6) Answering numbered paragraph 6, these respondents admit that, from time to time, the proceeds of certain tax collections were remitted to these respondents for the purpose of paying the principal and interest of the bonds of

the issue herein described; but say that this was prior to the refunding of said issue; and further answering, say that on September 2, 1936, there were not, in their hands, or subject to their control, any moneys applicable to, or available for, the purpose of paying the bonds and coupons herein described; but that, on the contrary, as certified to these respondents by the Board of County Commissioners of Pinellas County, Florida, the issue of bonds herein involved, was refunded under date of April 1, 1933, and that all funds on hand with these respondents, as of the date of the service of the alternative writ of mandamus herein, were duly budgeted and appropriated to the payment of interest and for the purpose of creating a sinking fund for the retirement of said refunding bonds, at the maturity thereof, and were not applicable to, or available for, the payment of the issue so refunded.

"And further answering, these respondents say that the sole balance in their hands, or subject to their control, to the credit of said county wide refunding bonds, but not to the credit of the securities alleged to be held by relator herein, was:

| | |
|---|---|
| Ad valorem tax funds | $59,263.63 |
| Gasoline tax funds | 28,947.37 |
| Total | 88,210.97 |

"And further answering, they say that there were no defaults in said refunding issues. Wherefore, these respondents deny that they have violated any duties in the premises, and deny that they have been, or were, under any duty to remit to the paying agent, in accordance with the terms and provisions of Chapter 14486, Laws of Florida, Acts of 1929, for the purpose of paying securities theretofore certified to these respondents by the Board of County Commissioners of

the county involved, as having been refunded and further say that they had no funds in their hands, applicable or available for the purpose of making such remittance, should they have been under a duty to do so."

It appears to us that the legal principle involved is so well settled by previous decisions of this Court that it is not necessary to write any extended opinion.

The controlling question presented here was presented in the case of Sholtz, *et al.,* v. State, *ex rel.* Defoe, 128 Fla. 899, 176 Sou. 37, in which we said:

"This case presents the contention, briefly put, that where certain of a county's outstanding road bonds have been refunded and the Board of County Commissioners have certified to the State Board of Administration (Chapter 14486, Acts 1929) that the refunding bonds have been issued, and that there has been appropriated in the county's budget, for credit to the account of said refunding bonds, and to them alone, all funds accruing and to accrue to the county's credit in the hands of the State Board of Administration as provided by law, that such certification of the County Commissioners, followed by an actual credit entered on its record by the State Board of Administration of all funds on hand to the refunding issue to the prejudice of the original bonds, can be set up in defense to an alternative writ of mandamus obtained by a bondholder to procure payment of certain securities of the original issue that were in default. The Circuit Court rejected the defense and entered final judgment for the relator below. Respondent State Board of Administration has taken writ of error.

"On the authority of the following prior decisions of this Court: State, *ex rel.* City & County Holding Co., v. Board Public Inst., Broward County, 120 Fla. 599, 163 Sou. Rep. 8; City of Kissimmee v. State, *ex rel.* Ben Hur Life Ass'n., 121 Fla. 151, 163 Sou. Rep. 473; Sholtz v. State, *ex rel.* Ben

Hur Life Ass'n., 122 Fla. 249, 165 Sou. Rep. 39; State, *ex rel.* Andrews, v. Sholtz, 120 Fla. 423, 162 Sou. Rep. 865; State, *ex rel.* Davis, v. State Board of Administration, 115 Fla. 806, 156 Sou. Rep. 130, we hold, as did the Circuit Court, that where a county has appropriated its anticipated gasoline tax revenue to its road and bridge bond sinking fund, and in consequence thereof has exercised its statutory privilege of reducing its debt service tax levies that would otherwise have been necessary to be made for the benefit of its outstanding unpaid road and bridge bonds for the support of which the sinking fund was established, that any subsequent attempted 'ear-marking' of revenues properly allocable to the sinking fund, by appropriating them to principal and interest on only such part of the road and bridge obligations payable out of such sinking fund as are represented by exchanged refunding bonds, cannot avail as against the mandamus writ of the holder of defaulted road or bridge bonds of the original issue, absent a showing that the county or district obligor on the bonds has made in due season a lawful and proper levy of debt service taxes sufficient to provide for the payment of the unrefunded and defaulted securities according to the obligations of the original contractual sense thereof, inherent in their issuance."

Therefore, we hold that no error has been made to appear and the judgment is affirmed.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.