## AMERICAN INSURERS ASS'N, Inc., v. MONROE COUNTY, FLA.

### No. 388–K. W.

District Court, S. D. Florida, Miami Division. Feb. 3, 1939.

Casey, Walton & Spain, of Miami, Fla., for plaintiff.

George Couper Gibbs, Atty. Gen., H. E. Carter and J. Compton French, Asst. Attys. Gen., and Robert J. Pleus, of Orlando, Fla., for defendant.

HOLLAND, District Judge.

I have given careful consideration to the motion for a discharge of the order to show cause, which motion was filed by the Members of the Board of Administration.

It is correctly stated in the memorandum-brief filed by the defendants, Members of the Board of Administration, that the pleadings in the case show:

1. That neither the bonds merged into the plaintiff's judgment, nor the statute pursuant to which such bonds were issued, contained a pledge of the gasoline taxes for the payment thereof, and that plaintiff has no contractual right to any gasoline taxes.

2. That the only funds involved in this proceeding are gasoline tax funds, and a small amount of automobile transportation taxes. No ad valorem taxes are involved.

The pertinent facts which control my decision include the following:

(a) That no ad valorem taxes are involved.

(b) That there has been no appropriation by Monroe County of the gasoline taxes involved herein for the payment of the obligations, the character of which are those upon which the judgment in this case is based; and

(c) That there has been an appropriation by Monroe County of the gasoline taxes involved herein for the purpose of paying certain interest maturities on the refunding bonds of Monroe County.

These features serve, in my opinion, to distinguish this case from the facts in the cases relied upon by the counsel for the plaintiff.

Gasoline taxes are subject to the first come, first served doctrine, when they have been appropriated in the County budget in reduction of pledged and otherwise collectible ad valorem taxes, or have been inextricably intermingled with ad valorem taxes, subject to that rule. See State ex rel. Andrews v. Sholtz, 120 Fla. 423, 162 So. 865. In the matter before me neither of these situations exist.

Plaintiff argues that the earmarking of the gasoline funds was ineffective by reason of the terms of the Board of Administration Act. The gasoline taxes here involved by resolution were first applied to the Kanner Bill account, and then withdrawn for a specified purpose, and plaintiff was never granted any contractual right therein. Furthermore, the funds were never commingled with ad valorem tax funds.

State ex rel. Suwanee River Bridge Co. v. Sholtz, 119 Fla. 460, 158 So. 812, deals with funds, both of a gasoline tax and ad valorem source. The same was true in State ex rel. Andrews v. Sholtz, 120 Fla. 423, 162 So. 865. The County in this case had appropriated its allocable gasoline tax revenues to the payment of any and all interest coupons, and then had supplemented this by ad valorem taxation.

Sholtz et al. v. State ex rel. Jones, 124 Fla. 164, 168 So. 803. This case dealt with gasoline tax moneys which had been duly appropriated as a commutation of unlevied ad valorem taxes contemplated to be otherwise collected to make up such fund. This is not the case here.

Sholtz v. State ex rel. Defoe, 128 Fla. 899, 176 So. 37. The County had appropriated its anticipated gasoline tax revenue to its road and bridge bond sinking fund, and thereafter exercised its statutory privilege of reducing its debt service tax levies that would otherwise have been required

for the benefit of its outstanding unpaid road and bridge bonds for the support of which the sinking fund was established, and subsequently sought to earmark some of the revenues by appropriating them for payment of exchanged refunding bonds. In the instant case there never was an appropriation of the gasoline taxes to the unrefunded bonds.

Cone et al. v. State ex rel. Florida Securities, 185 So. 150. The County had appropriated its anticipated gasoline tax revenue to its road and bridge bond sinking fund, and thereafter had exercised its statutory privilege and levied ad valorem taxation in a reduced amount. Held that the County could not subsequently earmark any sinking fund assets by appropriating them solely to exchanged refunding bonds, without levying debt service taxes sufficient for payment of unrefunded and defaulted securities. The same distinction exists. In the case before me there has been no action by the County appropriating the gasoline taxes (and there is no ad valorem tax fund present in the hands of the Board) to all bonded indebtedness. The appropriation resolution of Monroe County was of gasoline taxes never before appropriated by the County to debt service, and plaintiff never became possessed of any vested right in said gasoline taxes. True these gasoline taxes had each year been appropriated under the so-called Kanner Bill, but were withdrawn from that account as was within the power of the County so to do.

State ex rel. Massey v. Cone, Circuit Court, Leon County, unreported case. In this case there were ad valorem tax funds commingled with gasoline tax funds. This fact, together with what has been said as to other cases, shows the distinguishing feature, in the opinion of this Court.

With reference to the automobile transportation taxes. There is nothing in the record to show that these funds were appropriated to the payment of County wide bonds, so I am not called upon to decide as to the effect of any such appropriation, and I hold that in the absence of any commingling with ad valorem taxes these funds are immune from the first come, first served doctrine.

Motion for discharge of the order to show cause granted in accordance with this opinion.