FRED P. CONE, J. M. LEE and W. V. KNOTT, as and Constituting the STATE BOARD OF ADMINISTRATION, v. STATE *ex rel.* HARRY C. DAVIS (No. 3981).

198 So. 689
En Banc
Opinion Filed November 12, 1940
Rehearing Denied December 5, 1940

*George Couper Gibbs,* Attorney General, and *J. Compton French,* Assistant Attorney General, for Plaintiffs in Error;

*Rinehart & Carroll, Whitfield & Whitfield* and *Giles J. Patterson,* for Defendant in Error;

*H. C. Tillman,* as *Amicus Curiae.*

BUFORD, J.—On writ of error we review judgment awarding peremptory writ of mandamus.

The record shows that on January 2, 1940, a petition for alternative writ of mandamus was presented to the lower court, and on the same date an alternative writ was issued in which Harry C. Davis was the relator and Fred P. Cone, J. M. Lee and W. V. Knott, as and constituting the Board of Administration, were respondents. The writ alleged the ownership of $3120.00 of interest coupons clipped from certain described original bonds of Hillsborough County Special Road and Bridge District No. 5. It also alleged the possession by respondents of (a) ad valorem taxes levied for the original bonds, (b) gasoline taxes appropriated for the payment of original bonds, (c) ad valorem taxes levied to pay refunding bonds, and (d) gasoline taxes budgeted and appropriated for the payment of the refunding bonds. The writ alleges that the sum total of the aforesaid funds amounts to $7,500.00 but the writ does not specify the amount derived from any particular source. The writ commands the payment of the relator's coupons.

A motion to quash was filed, pointing out that the writ fails to allege facts showing that there were on hand at time of the service of the writ, sufficient applicable funds to pay relator's claims. The motion to quash was denied and respondents were ordered to file a return. Upon the date of this order, the relator amended the alternative writ by including therein a copy of the budget of Hillsborough County for the year 1939-1940, disclosing an appropriation of 13.54 per cent of the allocable gasoline taxes of the county to the refunding bonds of Special Road and Bridge District No. 5.

On February 12, 1940, the respondents filed their return to the alternative writ of mandamus. It, together with re-

spondents' supplemental return and respondents' amended supplemental return show that on July 1, 1938, the Board of County Commissioners of Hillsborough County acting on behalf of Special Road and Bridge District No. 5, and pursuant to the provisions of Chapter 15772, Acts of 1931, issued $1,275,000.00 of refunding bonds bearing interest at the rate of 4 per cent to July 1, 1943, 5 per cent to July 1, 1948, and 6 per cent thereafter to maturity, which such refunding bonds were issued for the purpose of refunding the original indebtedness, including the bonds and coupons described in the alternative writ, which such original bonds bore interest at the rate of 6 per cent per annum, were serially maturing and non-callable, while the refunding bonds all matured July 1, 1968, are callable and extend the maturity date of all of the original bonds thirteen years, and the maturity date of some of the original bonds for even a longer period. They also show that there were no funds in their hands to the credit of the bonds described in the alternative writ of mandamus, and that of the sum of $12,438.23 alleged to be on hand to the credit of the refunding bonds, $2,525.02 consists of gasoline taxes appropriated and budgeted in the county budget to the interest and sinking fund account of the refunding bonds, to take the place of and in substitution for unlevied ad valorem taxes otherwise required to be levied by said county pursuant to the provisions of Chapter 15772, Laws of Florida, Acts of 1931, and $9,913.21 consists of ad valorem taxes levied pursuant to the aforementioned Act, for the exclusive purpose of servicing the said refunding bonds.

Thereupon on May 27, 1940, the relator further amended the alternative writ, reducing his claim to $2,520.00, and claiming only the said sum of $2,525.02 budgeted by the county commissioners to the payment of the refunding bonds, a copy of which budget is attached to the amend-

ment. The court entered a final judgment awarding a peremptory writ and peremptory writ was issued, commanding the payments of $2,420.00 of interest coupons.

On June 5, 1940, praecipe for writ of error was filed, and on the same date writ of error was issued.

So it is that we again answer the question, "Does a holder of unrefunded original bonds have a right, enforceable by mandamus proceedings, to sequester gasoline taxes which have been appropriated in lieu of ad valorem taxes, by the county commissioners, in the county budget, exclusively for the benefit of refunding bonds issued pursuant to Chapter 15772, Acts of 1931, which refunding bonds lower the interest rate and extend the maturity date of the said original bonds?"

We say, "again answer this question," because it appears to us to have been by us heretofore definitely answered in the affirmative.

No fund derived from an ad valorem tax levied for a specific purpose is involved in this suit. Only the proceeds of the gasoline tax levied by the Legislature and appropriated to the county to be used by the Board of Administration in the payment of county and district road and bridge bonds, and interest thereon, are involved.

In the case of Sholtz v. State *ex rel.* DeFoe, 128 Fla. 899, 176 Sou. 37, we said:

"On the authority of the following prior decisions of this Court: State *ex rel.* City & County Holding Co. v. Board Public Inst., Broward County, 120 Fla. 599, 163 Sou. Rep. 8; City of Kissimmee v. State *ex rel.* Ben Hur Life Ass'n., 121 Fla. 151, 163 Sou. Rep. 473; Sholtz v. State *ex rel.* Ben Hur Life Ass'n., 122 Fla. 249, 165 Sou. Rep. 39; State *ex rel.* Andrews v. Sholtz, 120 Fla. 423, 162 Sou. Rep. 865; State *ex rel.* Davis v. State Board of Administration,

115 Fla. 806, 156 Sou. Rep. 130, we hold, as did the circuit court, that where a county has appropriated its anticipated gasoline tax revenue to its road and bridge bond sinking fund, and in consequence thereof has exercised its statutory privilege of reducing its debt service tax levies that would otherwise have been necessary to be made for the benefit of its outstanding unpaid road and bridge bonds for the support of which the sinking fund was established, that any subsequent attempted 'ear-marking' of revenues properly allocable to the sinking fund, by appropriating them to principal and interest on only such part of the road and bridge obligations payable out of such sinking fund as are represented by exchanged refunding bonds, cannot avail as against the mandamus writ of the holder of defaulted road or bridge bonds of the original issue, absent a showing that the county or district obligor on the bonds has made in due season a lawful and proper levy of debt service taxes sufficient to provide for the payment of the unrefunded and defaulted securities according to the obligations of the original contractual sense thereof, inherent in their issuance."

In Cone, *et al.*, v. State *ex rel* Massey, 137 Fla. 417, 189 Sou. 44, we said:

"Both the Gas Tax Act, Chapter 14575, Acts of 1929, as amended, and the Kanner Act, Chapter 15891, Acts of 1933, make a definite appropriation of the gas tax moneys and delegate no authority to the county commissioners to appropriate them for purposes or in a manner not defined in these Acts. All bonds of counties and special taxing districts were treated in the same manner in the distribution of ad valorem and gas taxes. A refunding bond is nothing more than a renewal of the old obligation. It may, by agreement of the parties, be on different terms but in this case, the terms were not changed except that the new bonds were call-

able at the discretion of the district. This does not make them subject to priority in payment."

In State *ex rel.* Georgia Bond & Mortgage Co. v. Cone, *et al.,* 137 Fla. 412, 189 Sou. 47, we held:

"Unless authorized by valid statutory enactments, administrative officials cannot legally levy, budget or apply funds to the payment of refunding bonds or interest thereon to the exclusion or prejudice of payments on original bonds of the same nature, when the statutes require interest and sinking fund payments for all such bonds to be provided for.

"The statutes of 1929 and 1931 control the application of the funds referred to therein except where the Kanner Act of 1933, Chapter 15891, is made applicable to funds derived from excise taxes."

In the case of Carlton, *et al.,* v. State *ex rel.* Smith, 142 Fla. 725, 195 Sou. 913, this Court reconciled the case of State *ex rel.* Garland v. City of West Palm Beach with our opinions and judgments in the cases herein cited and held that the Smith case was ruled by these cases. The circuit judge held that the instant case should be governed by the Massey case and the Georgia Bond & Mortgage Co. case, *supra.* His judgment was without error and sohuld be affirmed.

It is so ordered.

Affirmed.

TERRELL, C. J., WHITFIELD and CHAPMAN, J. J., concur.

THOMAS, J., agrees to conclusion.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.