## BARREL FITTING & SEAL CORPORATION OF AMERICA v. AMERICAN FLANGE & MFG. CO.

### No. 5261.

Circuit Court of Appeals, Seventh Circuit.

Jan. 5, 1935.

Thorley von Holst, Sidney Neuman, and Joseph F. Devereux, Jr., all of Chicago, Ill., for appellant.

Frank Parker Davis and Harry W. Lindsey, Jr., both of Chicago, Ill., for appellee.

Before EVANS and FITZHENRY, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Were claims 8 and 10 of Patent No. 1,-838,042, issued to Henry Schwartz, covering a "Bushing Structure and Sealing Means Therefor" infringed by appellee? The District Court found they were not infringed. Appellee also argues that both claims are in-

---

valid for want of patentable novelty. The claims are set forth verbatim in the margin.*

The issue of infringement turns upon the construction of the claims in the light of the explanation which the applicant made to the Examiner in the Patent Office. In his specifications the applicant said that his invention had special reference to a structure such as is used as a bung for metallic barrels and other containers usually employed in storing or shipping oils or other liquids; that the bung or plug was so constructed as to prevent a leakage of the liquid from the container during the shipping or storage thereof and also a means for preventing access to the bung or plug in order to guard against an unauthorized opening of the barrel or container. The plug or bung is cast with the usual tool engaging formations on the outer end portion thereof and is externally threaded to engage an internally threaded bushing of the barrel or container. In lieu of the usual sealing gasket between the bung and the bushing or between the bung and the wall of the container, a peripheral groove is cast or otherwise formed on the upper portion of the bung in which groove *is cast a material which is softer* than either the material of the bung or of the bushing. The cast material in the groove is initially unthreaded and the peripheral contour thereof is coextensive with the external threads of the bung. When the bung is threaded in the bushing, the latter forms threads in the cast material, thereby providing a leakproof joint therebetween.

Describing appellee's structure, the District Court said:

"Each of defendant's plugs, complained of in this suit, employs the usual sealing gasket formed of rubber. In defendant's structures * * * the rubber gasket on the plug may be forced down into one or more threads of the bushing but the gasket is not susceptible of repeated reuse as in

screwing the plug 'home' the gasket is cut and destroyed. In defendant's structure * * * the gasket is compressed around the circumference at the middle between the top of the bushing and the flange on the bung. In defendant's structure * * * the gasket enters the top thread of the bushing only approximately at the point where the thread begins."

When applicant met with opposition in the Patent Office he sought to distinguish his invention from that shown by one Sleight who had obtained a patent on a somewhat similar structure. He said,

"By referring to the latter reference it will be noted that the sealing means thereof are not in engagement with the threads of the body portion. Sleight merely provides a rabbeted seat for the reception of a gasket of rubber or like material. This is a form of an ordinary gasket and is placed in the usual position of gaskets between the flange of the stopper and the wall surrounding the opening in the container, the gasket lying adjacent the thread connecting portions but not in engagement with the threads."

He further said when his claims were amended and restricted,

"The gist of applicant's invention resides in the provision of a surplus of material adjacent the threads of the closure means and disposed thereon *whereby as the unused portion of the sealing means is presented to the threads of the connecting means upon reuse of the closure* such a surplus will be displaced to provide a sealing shoulder for sealing against the threaded body portion, or, as called in the claim, the threaded connecting means adjacent to the opening in the container."

The distinction thus pointed out was necessary to sustain Schwartz's invention. Rubber gaskets were, of course, old.

---

* 8. The combination with a container having an opening therein and threaded connecting means adjacent said opening, of closure means having threaded engagement with said connecting means, and sealing means carried by said closure means adjacent the threads thereof having a fluid-tight forced engagement with the threads of said connecting means, said sealing means having a greater outer diameter than said threaded connection means thus affording a surplus of material in the formation of the thread in said sealing means to form a sealing shoulder.

10. The combination with a container having an opening therein and threaded connecting means adjacent said opening, of closure means having threaded engagement with said connecting means, said closure means having an annular groove adjacent the threads thereof at least the depth of said threads, and sealing means in said annular groove having a greater outer diameter than the greatest diameter of said threaded connecting means whereby when said closure means is threaded into said connecting means a fluid-tight seal is effected on the upper end of said connecting means and at the threads thereof.

The findings of the District Judge so correctly present our conclusion that we adopt his language to express our views:

"The patent in suit is directed to a plug adapted to be inserted into a threaded bushing in a container, the plug having a sealing band of soft metal cast into a groove in the plug and forming, in effect, an integral part of the plug and the sealing band being so shaped that the threads in the bushing cut and form permanent threads in the metallic sealing band, an additional or further thread portion being formed in the sealing band upon each reuse of the plug and surplus material being provided to ultimately form a sealing shoulder at the top of the bushing. Claims 8 and 10 of the Schwartz patent in suit are directed to this particular structure.

"The specification of the Schwartz patent in suit excludes from the scope of the patent and its claims, plugs provided with the usual sealing gasket between the bung and the bushing or between the bung and the wall of the container.

"Each of defendant's plugs, complained of in this suit, employs the usual sealing gasket formed of rubber. In defendant's structures, * * * the rubber gasket on the plug may be forced down into one or more threads of the bushing but the gasket is not susceptible of repeated reuse as in screwing the plug 'home' the gasket is cut and destroyed. * * *"

The issue presented is one which frequently arises in patent suits. The claim as written may be technically infringed. To secure its allowance in the Patent Office, however, the applicant explained its true scope. By restricting its scope to the actual novelty which truly expressed the asserted discovery, the inventor secured the allowance of his claim. Later when the claim is involved in litigation the patentee argues for a more liberal construction of the language of the claim and ignores the refinements of distinction which he made in order to secure its allowance.

The position of counsel is most natural and entirely proper. The inventor is entitled to as broad a construction of his claims as his invention warrants unless, of course, he has waived part of it by failing to claim it. Nor should he be unduly restricted by positions taken by his counsel in the Patent Office. Distinctions are made and limitations are sometimes placed on language of claims by applicant's counsel which are somewhat inaccurate or made to meet a precise prior art citation, and without much thought as to their effect on other structures designed to avoid infringement. We should therefore be careful and avoid such construction of the claims as will defeat the real discovery which the inventor is contributing to the art.

Applying the foregoing to the facts in the instant suit, we are satisfied that the claims in question would never have been allowed had the appellant asserted their scope to be that for which he now contends. They were allowed only upon his express statement of a limited scope which excluded plugs provided with the usual rubber sealing gasket between the bung and the bushing. The decree is

Affirmed.