City of St. Petersburg v. United Mutual Life Insurance Company.

162 So. 871.
Division B.
Opinion Filed June 22, 1935.
Petition for Rehearing Denied Aug. 31, 1935.

W. F. Way and *Carroll R. Runyon,* for Appellant; *Giles J. Patterson,* for Appellee.

PER CURIAM.—Pursuant to its Charter, Chapter 6772, Acts of 1913, the City of St. Petersburg created special assessment districts, improved the streets and highways therein, and assessed the cost of such improvement against the property lying in the district, in most cases against the abutting property. The improvements were evidenced by certificates of indebtedness due in five years from date of issue, payment of which was guaranteed by the city.

In 1919 the City Charter was amended by Chapter 8355, Laws of Florida, which provided that when the city did not have sufficient funds to meet its obligations it might issue guarantee fund bonds to mature not more than ten years from date of issue, the proceeds of which might be used to redeem its certificates of indebtedness. The latter act also invested the city with the title of the holders of the certificates of indebtedness when redeemed by it and required it to proceed to the collection thereof in the manner provided by law for the collection of delinquent city taxes on real estate. It was further provided that "the moneys derived therefrom shall be paid into a fund which shall be

established for the payment of principal and interest of the bonds." In addition to other taxes the city was authorized to levy a tax sufficient, when added to the accumulations in the fund, to pay the principal and interest on the outstanding guarantee fund bonds at maturity.

Proceeding under its Charter as amended the City of St. Petersburg issued $100,000 of its guarantee fund bonds dated June 1, 1920, maturing June 1, 1930. It is recited in the bonds that they were issued to provide funds for the payment of installments of principal and interest on the certificates of indebtedness of said city. The testimony discloses that the proceeds of these bonds were used to redeem the city's guarantee on said certificates of indebtedness. The evidence also points strongly to the conclusion that all or practically all of the $100,000 received for the bonds was disbursed for the certificates of indebtedness soon after their sale.

The appellee being the owner of some of these bonds which were not paid at maturity, brought this suit in equity, the bill of complaint praying for an accounting of the list of certificates of indebtedness that were redeemed by the city with the proceeds of the bonds, what sums in cash have been collected on the certificates of indebtedness redeemed by the city, for what purpose the said funds so collected were used, what liens and other certificates have been substituted by the city for the certificates of indebtedness, what sums have been collected on the substituted certificates, a complete list of all liens or certificates of indebtedness now held by the city, that the city be restrained from using any portion of the funds now or hereafter deposited in the Guaranty Loan Fund for any purpose whatever other than for the payment of the bonds of complainant and other holders of said bonds who may hereafter intervene in this

cause, that in the event the city has used any portion of the funds collected on the certificates of indebtedness or other special assessment liens for other purposes it be required forthwith to restore said funds to the Guaranty Loan Fund, that the city be required to enforce the payment of all delinquent installments on said special assessment liens, and that the city be required to pay over any funds in its possession collected from installments on said special assessment liens to complainant.

A motion to strike certain portions of the bill of complaint and a motion to dismiss were denied. Answer was filed, testimony was taken, and on final hearing the chancellor found and decreed that the City of St. Petersburg was trustee under Chapter 8355, Laws of Florida, for the benefit of complainant and others in like situation, that complainant had the right to foreclose the certificates of indebtedness and other liens held by the city, and that no further security or other property of the trustee shall be delivered to any person, firm, or corporation, nor should the trust be changed in any respect except by order of the court. The instant appeal was prosecuted from said final decree.

Appellant and appellee are in disagreement as to the main question involved. Appellant contends that appellee, who was complainant below, had a complete and adequate remedy at law which should have been resorted to. No principle of law is better settled than that contended for by appellant. On the other hand it is as well settled that if the remedy by law is not adequate the complaining party may resort to his remedy by equity.

Courts are created to do justice and equity between litigants. An aggrieved party resorting to the courts to settle his controversy has a right to select the forum through

which he can secure full, adequate, and complete relief. He is not required to invoke the aid of a forum that will give an inadequate remedy and at the same time afford his adversary the best means to "back and fill" and in every other way halt the progress and effect of the remedy.

By the facts leading up to this litigation the complainant unquestionably selected the proper forum and the record abundantly supports the decree of the chancellor. It would be difficult to create a trust in more definite terms than was done by the statute in this case in reference to the funds derived from the special assessments and the right of a beneficiary to enforce a trust is exclusively by equity. The pertinent part of the act from which this litigation grew is quoted in the forepart of this opinion.

It is shown that the trustee violated the terms of the trust imposed in it in that it failed to hold the funds it collected from the certificate of indebtedness or assessment liens but invested them in other liens which cannot now be realized on. It further failed to carry out its trust in that it refused to enforce the liens pledged to secure payment of the bonds.

In fine it is shown that the trustees used its ward's funds to redeem its guarantees and after redeeming said guarantees it collected a large portion of the original certificates of indebtedness, that it failed to pay the moneys derived therefrom into a fund to pay principal and interest on the bonds as the act required, that it has failed to comply with the mandate of its Charter to proceed to the collection of the liens held by it in the manner provided for collecting delinquent taxes on real estate, that it used the funds collected from liens as a revolving fund and substituted other liens which were not enforceable, and that it now refuses to

collect the substituted liens though the bonds are four years past due.

Such a course of procedure was ample to warrant the decree of the chancellor, which is hereby affirmed.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.