State, *ex rel.* A. M. Lawler, v. City of West Palm Beach, *et al.*

170 Sou. 697

En Banc.

Opinion Filed July 15, 1936.

Rehearing Denied July 28, 1936.

On Motion for Judgment, August 8, 1936.

*Pleus, Williams & Pleus,* for Relator;
*C. D. Blackwell,* for Respondents.

DAVIS, J.—This is a mandamus proceeding in which the contention is made by respondents that where a city or town has voluntarily (without being compelled by mandamus so to do) made a special appropriation and earmarked tax levy for the claim of the certain designated bondholder out of many others equally entitled to the same consideration, that the resulting fund is beyond the reach of a creditor seeking by mandamus to appropriate the same to the satisfaction of his own claim under the "first come, first served" rule that prevails in mandamus cases in this state to enforce payment of defaulted public bonds.

The answer to the proposition contended for is found in the nature of the claim asserted by respondents. That insistence is, in legal effect, the assertion of a right on the part of a defaulting municipal corporation to particularly single out and prefer one class of creditors or one individual creditor out of its total number of creditors by specially appropriating, earmarking and making a special tax levy for the specially favored creditor's benefit to the prejudice of other creditors equally entitled to whom no such consideration is offered or extended.

The basic concept of the "first come, first served" rule that prevails in this state is that when a public debtor, such as a municipality, becomes in default on its payable obligations, the creditor who first sues acquires a precedent right to the satisfaction of his claim that no voluntary action of the municipality asserted for the benefit of, or on behalf of non litigating creditors, can hinder, embarrass, defeat or delay, whether taken before or after the institution of the particular suit in question.

Mandamus when employed against a defaulting public corporation debtor is in the nature of an execution against the funds and resources that the defaulter has on hand applicable to the payment of the obligation sued on in the mandamus suit. Not until a writ of mandamus is served on the defaulting corporation is a special lien created against the fund, or other source at which it is directed, sufficient to outweigh all other liens and claims subsequently acquired. In such an instance as last mentioned, there is a real exception to the ordinary rule that mandamus creates no right but merely enforces one. This is so because in cases where mandamus is used *as an execution,* its service *does* create a specific right in the form of an execution lien against the funds and resources of the debtor described in and made the object of the writ of mandamus when served. Therefore the use of mandamus as an execution not only enforces existing legal rights to payment on relator's behalf but creates for him, by way of security for that payment, a specific lien on the objective fund or resource mentioned and described in the writ, from and after the time of its service upon the defaulting debtor public corporation.

Where a special tax levy is made by a defaulting municipality pursuant to a peremptory writ of mandamus, the lien created by the service of the writ by which the special

levy is ordered becomes impressed in due course upon the resultant fund *ex proprio vigore* the peremptory writ so served.

But where a special tax levy is voluntarily made by a defaulting municipality absent any writ of mandamus requiring it to be done, the effort to put it out of the control of the courts by "earmarking" it for a particular creditor in a general class, to the prejudice of the rights of creditors generally in that same class, is void as against a subsequently litigating creditor of such class suing in mandamus under the "first come, first served" rule to sequester and apply the "earmarked" fund to his own claim. This is so, although such "earmarking" may be altogether good as between the parties to the transaction, viz.: the claimant and the defaulting municipality, and as such becomes so binding upon the municipality as to prevent its voluntary diversion or reappropriation of same to other purposes after such "earmarking," unless the particular beneficiary consents thereto.

A necessary corollary to the "first come, first served" rule in mandamus cases is that a mandamus, when issued and served, becomes effective as a lien against any moneys or resources in the hands of the defaulting debtor respondent raised and on hand as the result of the complete or partial exercise of the legal duty whose performance, if it had been one hundred per cent perfected, would have avoided a default altogether.

Demurrer to alternative writ of mandamus overruled with leave to file return within ten days.

WHITFIELD, C. J., and TERRELL, and BUFORD, J. J., concur.

ELLIS, P. J., concurs specially.

BROWN, J., dissents.

ELLIS, P. J. (concurring specially).—The conclusion reached in this case rests upon the "first come, first served" doctrine; a doctrine which I have consistently maintained is fallacious in reasoning and unsound in principle, but this Court having committed itself to such doctrine in many cases heretofore decided, I acquiesce in such doctrine as a rule of law applicable in cases like this, and agree to the conclusion reached.

BROWN, J. (dissenting).—We have held that a tax levied and collected for one purpose cannot be diverted to another and different purpose. State, *ex rel.* Keefe, v. Cotton, 106 Fla. 743, 143 So. 644; Oven v. Ausley, 106 Fla. 455, 143 So. 588; Chamberlain v. City of Tampa, 40 Fla. 74, 23 So. 572. The levy as made was not unlawful, for it could have been compelled by mandamus. City of Wauchula v. State, 115 Fla. 26, 154 So. 889; Treat v. State, 160 So. 498; State v. Lakeland, 150 So. 508, 112 Fla. 200.

### ON PETITION FOR REHEARING

DAVIS, J.—Nothing in the opinion of this Court filed July 15, 1936, was intended to be construed as a holding that *special* taxes independently levied under Chapter 15772, Acts 1931, General Laws of Florida, known as the "General Refunding Act of 1931" for the purpose of paying refunding funds must remain subject to seizure upon mandamus issued to have the proceeds of such taxes applied to a non-assenting bondholder who retains unrefunded bonds of the original issue.

While the original taxing *power* may be regarded as in effect repledged to pay refunding bonds on a basis of taxation coextensive with the pledge of the taxing power embraced in the bonds refunded, and is ordinarily referred to as being a continuation of such originally pledged *power*

(Folks v. Marion County, 121 Fla. 17, 163 Sou. Rep. 298), yet all special refunding taxes when actually collected are essentially funds raised for the purpose of paying new bonds. Hence the avails of the taxes *specially* authorized to be *separately levied* for the payment of refunding bonds, when collected pursuant to an independent statute under which the refunding bonds were authorized to be issued, become, when collected, funds appropriated by the refunding statute solely to the payment of such refunding bonds, and such tax avails cannot be diverted by judicial processes to the payment of an earlier or different issue of bonds, nor seized in satisfaction of bonds not a part of the refunding bond issue. See: City of Austin v. Cahill, 99 Texas 172, 88 S. W. Rep. 542, 89 S. W. Rep. 552.

Rehearing denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

## ON MOTION FOR JUDGMENT

PER CURIAM.—This case comes before us now on motion for judgment on the pleadings awarding peremptory writ of mandamus.

On July 15, 1936, we filed an opinion and judgment in which we overruled demurrer to the alternative writ for the reasons stated therein. On July 28, 1936, a petition for rehearing having been filed, we filed supplemental opinion and judgment and denied petition for rehearing.

The motion for judgment on the pleadings was filed on July 27th, 1936. Respondents have not replied to this motion though notice of it was sent to counsel July 28, 1936.

In our judgment of July 15th we granted leave to file return within ten days. Return was not filed within the period allowed, but a petition for rehearing was filed. On

July 29th leave was given to file a return by August 1st. On July 30th the Respondents presented here a joint and several return to the alternative writ.

We have examined the return to ascertain whether or not it presents any meritorious defense. We find that the allegations contained in the return, while they are voluminous, constitute no legal defense and state nothing in bar to the issuance of a peremptory writ of mandamus.

Therefore, the return is adjudged to be insufficient and the motion for peremptory writ of mandamus is granted.

Let the writ issue.

WHITFIELD, C. J., and ELLIS, TERRELL, and BUFORD, J. J., concur.