CITY OF WEST PALM BEACH, *et al.,* v. STATE, *ex rel.*
R. A. PETERSON.

182 So. 445.
Division A.
Opinion Filed June 30, 1938.

*Paul W. Potter,* for Plaintiffs in Error.

*Casey, Walton & Spain,* for Defendant in Error.

PER CURIAM.—On writ of error to review judgment awarding peremptory writ of mandamus, we hold the question to be determined is as stated by the defendant in error, as follows:

"When alternative writ of mandamus issues under 'first come, first served' rule, to enforce payment of defaulted municipal securities, and is served at time when city has on hand sufficient funds to pay such securities, the funds being the proceeds of special taxes voluntarily levied and purportedly earmarked for sole benefit of particular bondholders of relator's general class, absent any writ of mandamus requiring such taxes to be so levied or earmarked, should peremptory writ be awarded notwithstanding Fed-

eral Court equity decree requiring the city to pay the proceeds of the levies to the favored bondholders, and enjoining the use thereof for any other purpose except payment of the city's operating expenses, which decree was rendered, after the taxes were so levied and purportedly earmarked, in a suit to which relator was not a party, brought by such favored bondholders for sole purpose of restraining the city from accepting bonds in payment of taxes and from issuing scrip as currency and which decree was not ancillary to or in aid of any Federal Court jurisdiction previously acquired, but was entered without any defense being interposed, by consent and agreement between the favored bondholders and the city?"

The alternative writ of mandamus shows that the respondents have on hand sufficient money, produced by tax levied and collected for the payment of the involved obligations, to meet the demands of the writ.

Plaintiff in error says in the brief before us:

"While the respondents deny many of the allegations contained in the alternative writ of mandamus, as amended, nevertheless it appears from such allegations as were admitted that the collections from the earmarked appropriations and levies made for the three fiscal years in question were deposited in the accounts for the plaintiffs in the federal equity suit and thereafter transferred to the City Operating Account and that such collections, if applicable to the payment of appellee's securities, were sufficient for such purpose."

The case of City of St. Petersburg v. United Mutual Life Insurance Company, 120 Fla. 307, 162 Sou. 871, is authority for the enunciation that,

"Aggrieved party has right to select forum through which he can secure adequate relief, and may resort to equity if remedy at law is inadequate.

"Owner of bonds issued by city for purpose of redeeming special assessment certificates for street improvements *held* entitled to resort to equity for relief on non-payment of bonds at maturity, where city failed to pay proceeds of collection of certificates of indebtedness into fund for bondholders, as required by statute (Sp. Acts 1913, c. 6772, as amended by Sp. Acts 1919, c. 8355)."

The same opinion is authority for the further enunciation:

"Courts are created to do justice and equity between litigants. An aggrieved party resorting to the courts to settle his controversy has a right to select the forum through which he can secure full, adequate and complete relief. He is not required to invoke the aid of a forum that will give an inadequate remedy and at the same time afford his adversary the best means to 'back and fill' and in every other way halt the progress and effect of the remedy.

"By the facts leading up to this litigation the complainant unquestionably selected the proper forum and the record abundantly supports the decree of the chancellor. It would be difficult to create a trust in more definite terms than was done by the statute in this case in reference to the funds derived from the special assessments and the right of a beneficiary to enforce a trust is exclusively by equity. The pertinent part of the act from which this litigation grew is quoted in the forepart of this opinion.

"It is shown that the trustee violated the terms of the trust imposed in it in that it failed to hold the funds it collected from the certificate of indebtedness or assessment liens but invested them in other liens which cannot now be realized on. It further failed to carry out its trust in that it refused to enforce the liens pledged to secure payment of the bonds."

The opinion and judgment in the case of State, *ex rel.*, v. City of West Palm Beach, 125 Fla. 626, 170 Sou. 697, is controlling in the prime questions involved here and, on authority thereof, the judgment is affirmed.

So ordered.

WHITFIELD, BROWN, and CHAPMAN, J. J., concur.