STATE, *ex rel.* GEORGIA BOND AND MORTGAGE COMPANY, v. FRED P. CONE, J. M. LEE and W. V. KNOTT, as and constituting the Board of Administration, FRED P. CONE, as Governor and *ex-officio* president of the said Board of Administration, J. M. LEE, as State Comptroller and *ex-officio* secretary of said Board of Administration and W. V. KNOTT, as State Treasurer and *ex-officio* treasurer of said Board of Administration and *ex-officio* county treasurer of Alachua County.

189 So. 47.
Division A.
Opinion Filed April 25, 1939.
Rehearing Denied May 23, 1939.

*L'Engle & Shands,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, *H. E. Carter* and *J. Compton French,* Assistant Attorneys General, for Defendants in Error.

TERRELL, C. J.—The record and the briefs in this case have been examined and the primary question raised found to be fully answered in the case of Cone, *et al.,* v. State of Florida, *ex rel.* Richard W. Massey, decided this date.

We do not overlook the fact that there are some questions of pleading and the interpretation of previous opinions of this Court that are discussed in this case that were not discussed in the case last cited.

In view of the decision reached, we do not consider that a discussion of these questions would serve any useful purpose. It follows that the judgment below must be and is hereby reversed on authority of the last cited case.

Reversed.

BUFORD and THOMAS, J. J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.

## ON REHEARING

PER CURIAM.—Refunding bonds issued under the Refunding Acts of 1931 without the approving vote of the electorate required by amended Section 6 of Article IX of the Constitution of Florida, carry no greater obligation of the taxing units respectively than did the refunded bonds. The refunding statutes provide for tax levies to pay the refunding bonds as the prior statutes provided for tax levies to pay original bonds. If tax levies are duly made under the Refunding Acts to pay the refunding bonds, no levies are required under the prior statutes; but where the statutes require tax levies to pay all the outstanding bonds, administrative officers have no authority to levy only taxes to pay the refunding bond unless a valid statute so provides or a competent judicial writ orders special or particular levies to be made—the statutory duty to levy taxes to pay bond indebtedness extends to all the bonds for which statutory levies apply.

When gas tax or other excise tax funds are appropriated and allocated by statute to counties to pay for construction of roads taken over by the State, such funds can be budgeted or appropriated by counties of road districts only as provided by the Acts of 1929, Chapter 14486, and of 1931, Chapter 15659, and valid amendments thereto. And the statutes contemplate that interest funds and sinking funds required by statute to be created from ad valorem and/or such excise taxes shall apply to all road bond indebtedness whether original or refunding bonds of counties and road districts respectively. Ad valorem tax levies and excise tax fund budgeting or appropriations made under the statutes for, or that are sufficient for, only a portion of the amounts required and authorized for such road bond indebtednes, constitute only a partial levy, and the statutory duty to make complete levies for such purposes may be enforced by mandamus. And if such partial statutory tax levies and budgetings are made so late in the current tax year that other interested parties would not have reasonable opportunities to enforce complete levies or budgetings as contemplated by the applicable statutes, such partial levies and budgetings cannot be reserved for any particular portion of the road bond indebtedness of the taxing units respectively, unless clearly so provided by valid statutory enactments.

Unless authorized by valid statutory enactments, administrative officials cannot legally levy, budget or apply funds to the payment of refunding bonds or interest thereon, to the exclusion or prejudice of payments on original bonds of the same nature, when the statutes require interest and sinking fund payments for all such bonds to be provided for.

The statutes of 1929 and 1931 control the application of the funds referred to therein except where the Kanner Act of 1933, Chapter 15891, is made applicable to funds derived from excise taxes.

In this case the budgeting for the year 1936-1937, dated September 1, 1936, was as follows:

Special Road and Bridge District No. 1
(District under Kanner Bill)

Under Refunding Plan of Trustees, Interest Item.

| | |
|---|---|
| Amount required under refunding plan | $200,000.00 |
| Clerk's estimate other than levy | 183,431.00 |
| | $16,568.49 |
| 4 mill levy | $16,568.49 |

The budgeting for the year 1937-1938, dated September 1, 1937, is as follows:

Special Road and Bridge District No. 1
(Under refunding plan of Trustees)

Interest item.

| | |
|---|---|
| Refunding plan | $200,000.00 |
| Clerk's Estimate | 182,884.00 |
| | $ 17,116.00 |
| 4 Mills | $17,116.00 |

Relator's original bonds bearing the same rate of interest as the corresponding refunding bonds, were entitled to participate in the interest and sinking funds of the district, and even if the budgeting can be regarded as an attempt without authority of a statute to confine the budget items to payments on only the refunding bonds of the district, the first budget is dated September 1, 1936, before the refunding bonds were issued, and it is alleged that:

"There is on hand a large amount of money in the interest and sinking fund account of said Special Road and Bridge District now held by aid respondent W. V. Knott, as State Treasurer and *ex officio* County Treasurer of Alachua

County, Florida, as aforesaid, derived from taxes levied for the year 1935 for the bonds of said District which were then outstanding, including the bonds of the relator hereinabove described, and also from gasoline taxes received during the fiscal years 1936-1937 and 1937-1938, as aforesaid, for said District more than sufficient to pay the interest coupons of the relator hereinabove described, and also all other interest now due or which will fall due on bonds of said District prior to November 1, 1938."

A peremptory writ should not have been denied.

State, *ex rel.* Lawler v. City of West Palm Beach, 125 Fla. 626, 170 So. 697, relates to municial bonds, and gasoline tax fund under the Acts of 1929 and 1931 were not involved.

Rehearing denied.

TERRELL, C. J., and WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

Justice BROWN not participating as authoried by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.