FRED P. CONE, J. M. LEE & W. V. KNOTT, as and constituting the Board of Administration; J. M. LEE as Comptroller and Secretary of the Board of Administration; W. V. KNOTT, State Treasurer and as County Treasurer *ex officio* of Martin County, v. STATE, *ex rel.* RICHARD W. MASSEY.

189 So. 44.

Opinion Filed April 25, 1939.

Rehearing Denied May 29, 1939.

418

*George Couper Gibbs,* Attorney General, *H. E. Carter* and *J. Compton French,* for Plaintiffs in Error;

*J. Velma Keen, Clifton D. Benson* and *A. Frank O'Kelley, Jr.,* for Defendants.

*Evans Crary, J. R. Pleus, Paul W. Potter, D. C. Hull, T. W. Conley, Jr., R. Carver, W. G. Vaughn, Fred Wilson, John Blocker,* and *Ira C. Haycock* as *Amicus Curiae.*

TERRELL, C. J.—This writ of error is to a final judgment granting a peremptory writ of mandamus directed to the plaintiffs in error as respondents commanding them to pay to the defendant in error as relator the sum of $750.00 due him on past due and unpaid interest coupons from unrefunded bonds of Special Road and Bridge District No. 18 of Martin County.

Plaintiffs in Error contend that the command of the peremptory writ should not be obeyed because the funds from which payment of said coupons is sought to be coerced had been remitted to the Guaranty Trust Company of New York with instructions to pay certain other described coupons when presented to it and being so, said bank should be made a party respondent.

This contention is without merit. It is shown that the bank was acting merely as the fiscal agent of respondents and Special Tax Road and Bridge District No. 18 of Martin County, that the funds so remitted could be recalled and

otherwise appropriated at any time before disbursement and that the bank stands ready at all times to pay out said funds subject to the order of respondents and in fact holds funds with which it can pay Relator's coupons at any time it is requested to do so.

It is next contended that the command of the peremptory writ should not be obeyed because the coupons brought in question are from unrefunded bonds of Special Tax Road and Bridge District No. 18 of Martin County while the County Commissioners have certified that all the bonded indebtedness of said District has been refunded and respondents have at the request of said County Commissioners transmitted to the Guaranty Trust Company of New York for payment of interest and sinking fund on the refunding bonds (1) all ad valorem tax balances imposed for paying any bonds and coupons of the district, and (2) certain proceeds of gas taxes credited to the Kanner Bill account.

It appears settled that funds from the two sources just stated may be applied to the payment of refunded or unrefunded bonds and coupons and will not be permitted to be earmarked for the payment of either class of bonds to the disadvantage of the other. The following cases support this view. State, *ex rel*. Simmons v. Harris, 119 Fla. 375, 161 So. 374; State, ex rel. City and County Holding Company v. Board of Public Instruction of Broward County, 120 Fla. 599, 163 So. 8; Sholtz v. State, *ex rel*. Defoe, 128 Fla. 899, 176 So. 37; Cone v. State, *ex rel*. Florida Securites, 135 Fla. 339, 185 So. 150. It is shown that the funds in question are still in the hands of the bank subject to disbursement by the agent of respondents. It is not contended that the refunding bonds are prior in dignity to the original bonds and we find no authority for making them so.

It is last contended that the funds brought in question cannot be used to pay interest coupons on unrefunded bonds because they were derived in part from the proceeds of gasoline taxes placed to the credit of the Kanner Bill account of Special Tax Road and Bridge District No. 18 and were transferred to the interest and sinking fund. of refunding bonds by resolution of the County Commissioners to be used to pay interest and retirement of said bonds and for no other purpose.

The funds involved in this litigation were derived from the proceeds of ad valorem taxes imposed on all the properties of the district for the purpose of paying outstanding bonds and coupons and from certain gasoline taxes derived under Chapter 14575, Acts of 1929, and placed to the credit of the Kanner Bill account. The Kanner Act, Chapter 15891, Acts of 1933, authorized the counties which elected to do so to use their portion of the gasoline taxes accruing to them under Chapter 14575 for the purchase of bonds outright instead of paying interest on retiring same. All counties that do not operate under the Kanner Act are required to use their gasoline taxes to pay interest and sinking funds on bonds and coupons outstanding.

When the gasoline tax funds derived from the Kanner Act were transferred to the sinking fund account they were then in the same status as the ad valorem taxes. We find no authority for earmarking these funds to pay any particular bonds. The refunding and the original bonds were in the same status and constituted live obligations against the district. We find no authority for giving a preference in payment to either class of bonds.

Both the Gas Tax Act, Chapter 14575, Acts of 1929, as amended and the Kanner Act, Chapter 15891, Acts of 1933, make a definite appropriation of the gas tax moneys and delegate no authority to the County Commissioners to ap-

propriate them for purposes or in a manner not defined in these Acts. All bonds of counties and special taxing districts were treated in the same manner in the distribution of ad valorem and gas taxes. A refunding bond is nothing more than a renewal of the old obligation. It may, by agreement of the parties, be on different terms but in this case, the terms were not changed except that the new bonds were callable at the discretion of the district. This does not make them subject to priority in payment.

The judgment below is affirmed.

Affirmed.

BUFORD, and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the rules of this Court.

## ON REHEARING

PER CURIAM.—The taxing unit in this case is not a municipal corporation under Section 8, Article VIII of the Constitution, as in State v. City of West Palm Beach, 125 Fla. 626, 170 So. 697, but it is a Road and Bridge District coming under the provisions of the gasoline tax distribution statutes of 1929 and 1931, Chapters 14486 and 15659, Laws of Florida. See opinion on rehearing in State, *ex rel.* George Bond & Mortgage Co. v. Cone, this day filed.

REHEARING DENIED.

TERRELL, WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

Justice BROWN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.