STATE *ex rel.* M. E. GARLAND v. CITY OF WEST PALM BEACH.

193 So. 297
Opinion Filed January 5, 1940
On Rehearing January 26, 1940

*Wylie & Warren* and *Keen & Allen,* for Plaintiff in Error;

*Paul W. Potter,* for Defendant in Error;

*Robert J. Pleus* as *Amicus Curiae.*

TERRELL, C. J.—Pursuant to the Provisions of Chapter 15772, Acts of 1931, and Chapter 16758, Acts of 1933 (City Charter) the City of West Palm Beach issued its "Refunding Bonds of 1936" and its "Funding Bonds of 1936," which were validated by decree of this Court. State v. City of West Palm Beach, 127 Fla. 849, 174 So. 334. These bonds were all refunding bonds and were issued for the purpose of exchange and to take the place of outstanding bonds. They will hereafter be referred to as the "new bonds" and the outstanding bonds will be referred to as the "old bonds."

The new bonds were issued for 75 per cent of the face value of the old bonds, the other 25 per cent being forgiven. They bore interest at a mean rate of $3\frac{1}{2}$ per cent as compared to 5 and 6 per cent borne by the old bonds. The new bonds all matured August 1, 1961, while the old bonds matured serially. The new bonds were supported by a sinking fund to pay them when due while the old bonds,

being serial bonds, were required to be supported by a tax levy sufficient to pay them as they matured.

Plaintiff in error was the holder of a large block of the old bonds and refused to exchange them for the new bonds. She brought this action in mandamus against the City of West Palm Beach seeking to enforce payment of the principal· and interest of her bonds for moneys held in the sinking fund account raised for the purpose of retiring the new bonds. A motion to quash the alternative writ was granted, the cause was dismissed, and this writ of error was prosecuted.

Under the facts thus detailed, the question presented may be stated as follows: May the holder of the old bonds who refuses to exchange them for the new bonds coerce payment of principal and interest thereon from moneys in the sinking fund provided for payment of the principal and interest of the new bonds?

The court below answered this question in the negative. Plaintiff in error contends that he should have answered in the affirmative because, ·(1) a duty rested on the City to provide a fund to pay principal and interest on the old bonds as they became due; (2) the "first come, first served" rule was a part of the obligation of the contract that the holder of old bonds could not be deprived of, and (3) the opinion on rehearing in State ex rel. Lawler v. City of West Palm Beach, 125 Fla. 626, 174 So. 737, should not be followed in this case.

· In our view, the judgment below might well be affirmed on authority of our opinion on rehearing in the last cited case. The "first come, first served" rule applies only to general creditors whose claims are supported by the general power of taxation. · It·does not apply in cases like this where

the funds attempted to be reached are earmarked for a particular purpose.

Plaintiff in error is correct in her contention that it was the duty of the City under its contract with her to provide a fund to pay interest and principal of her bonds but if the City failed to do this, she had her remedy at law to compel such a levy. She cannot under facts of this case have her bonds paid from a special fund arising under Chapter 15772, Acts of 1931, and Chapter 16758, Acts of 1933, imposed to meet the new bonds. Mandamus is an equitable remedy and under the facts of this case, it would be wholly inequitable to permit plaintiff in error to recover funds earmarked for those who had forfeited a portion of the principal and interest on their bonds.

We have examined the cases relied on by the relator but they do not rule the case at bar. The judgment below is therefore affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.

### ON PETITION FOR REHEARING

On petition for rehearing, it is urged that the opinion filed herein January 5, 1940, is in direct conflict with our opinion and holding in State *ex rel.* Georgia Bond & Mortgage Company v. Cone, 137 Fla. 412, 189 So. 47, and Cone v. State *ex rel.* Massey, 137 Fla. 417, 189 So. 44.

We were not unmindful of our holding in these cases when we promulgated our opinion in this case which we do not consider to be in conflict with the last cited cases. For one cause to have the effect of overruling another, the same questions must be involved; they must be affected

by a like state of facts and a conclusion must be reached in hopeless conflict with that in the former case.

The facts in the cases cited here and relied on by plaintiff in error were entirely different from those in the case at bar. In the cited cases, the fund involved was a State excise tax which had been apportioned to the counties for the purpose of liquidating certain bonded indebtedness. We held that such a fund must be applied to original and refunding bonds without preference, the Legislature having authorized no preference in the distribution and all bonds were treated alike.

In the case at bar, we were confronted with a municipal tax imposed under the refunding Act and which, by agreement with the holders of refunding bonds, had been placed in a sinking fund to pay interest and principal as they matured. The holders of most of the original bonds had surrendered them and had taken the refunding bonds with a lower interest and different serial retirement. The refunding bonds carried other concessions favorable to the City. We held that the holder of original bonds could not have them retired from the sinking fund set aside for the refunding bonds since he had an adequate remedy under his bond contract.

It was competent for the City to make a contract with its bond holders and since the law provided ample means to pay the original bonds, we refused to permit the refunding scheme to be molested. It is true that the payment of original and refunding bonds was involved in the cited cases and in the instant case but we were dealing with entirely different funds affected by entirely different contracts. The cases were accordingly different and the cited cases were in no way affected by the ruling in the latter case.

We have considered the other grounds of the petition for

rehearing and the cases therein cited but we do not see that they have the remotest connection with or are in any way affected by the case at bar. The law affecting the two funds for retirement of the bonds precipitated the difference in the cases here. There was no legal objection whatever to the bond contract in this case.

Our original opinion is accordingly reaffirmed on rehearing.

It is so ordered.

WHITFIELD, P. J., BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—Upon further consideration of this case, I think rehearing should be granted on the first and second grounds of the petition for rehearing.