## RITTENOURE v. CHARLOTTE COUNTY, FLA., et al.

### CONE et al., Board of Administration of Florida, v. RITTENOURE et al.

#### Nos. 9341, 9386.

Circuit Court of Appeals, Fifth Circuit.

Feb. 3, 1940.

No. 9341:

Giles J. Patterson, of Jacksonville, Fla., and Edgar John Phillips and Harry L. Thompson, both of Clearwater, Fla., for appellant.

George Couper Gibbs, J. Compton French, and Tyrus A. Norwood, all of Tallahassee, Fla., Robert J. Pleus, of Orlando, Fla., and Earl D. Farr, of Punta Gorda, Fla., for appellees.

No. 9386:

George Couper Gibbs, J. Compton French, and Tyrus A. Norwood, all of Tallahassee, Fla., for appellants.

Giles J. Patterson, of Jacksonville, Fla., Robert J. Pleus, of Orlando, Fla., Harry L. Thompson and Edgar John Phillips, both of Clearwater, Fla., and Earl D. Farr, of Punta Gorda, Fla., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, as the holder of an unpaid judgment against Charlotte County, Florida, on coupons clipped from July 25, 1929 Highway and Road Bond issues of the County, obtained an order against the other appellants constituting the Board of Administration of the State of Florida, to show cause why his judgment should not be paid out of funds in its hands. The Board, on July 28, answering the order to show cause, denied that it had sufficient funds in its possession to pay plaintiff's judgment, but admitted that there was in its hands, when the order was served, $56.-32 to the credit of the July 1, 1929 issue of Highway Bonds and that there was in the hands of the paying agent bank in New York City, for the payment of interest on the refunding bonds of said county, the sum of $13,608.01. Thereupon on August 22, 1939, into the cause by intervention, came one Meredith as the owner of three bonds, for himself and on behalf of all other owners and holders of the December 1, 1936 issue of Charlotte County Road and Bridge Refunding Bonds. Alleging by answer and cross claim, "that there are moneys to the credit of Charlotte County in its Kanner Bill Account[1] but that said sums are not applicable to the payment of plaintiff's judgment," because they are appropriated and dedicated to the payment of the refunding bonds, intervenor prayed: a temporary injunction restraining the Board from paying plaintiff any moneys; a declaratory judgment that the holders of said Road and Bridge Refunding Bonds are entitled to have all moneys already appropriated and which may, from time to time, be appropriated by the County from the Kanner Bill Account to the Interest and Sinking Fund Account of said bonds, paid and disbursed to them; and that the Board be enjoined and commanded to hold them for and pay them to, such bondholders. The temporary injunction was issued as prayed, and, on October 6, 1939, all matters coming on to be heard on application for summary judgment, a final judgment was entered. This judgment not only denied plaintiff the peremptory writ he prayed for, except as to $56.-32, but enjoined him from collecting and the defendants State Board and County Treasury of Charlotte County, from paying plaintiff any of the other moneys accounted for in the return. Further, it declared, that owners of December 1, 1936 Road and Bridge Refunding Bonds, have a vested contract right to the exclusion of unrefunded bonds, to have the County Board establish and maintain a separate and in-

---

[1] In 1929, Ex.Sess., the Legislature of Florida passed, Chapter, 14575, and Chapter, 14486, which established the State Board of Administration. Section 14 of the latter act, was amended in 1933, as Chapter 15891, and is known as the Kanner Act. These acts directed toward the liquidation and retirement of Road and Bridge Bonds, deal with gasoline taxes appropriated by the legislature for the benefit of owners of existing bonded indebtedness. Under the Kanner Act, the Board of County Commissioners now has the option, under certain conditions to use moneys derived from gasoline taxes for the purchase of outstanding and depreciated bonds.

dependent Interest and Sinking Fund, solely to support such Refunding Bonds; that Kanner Account moneys may be appropriated by the governing authorities to a separate and independent Interest and Sinking Fund for the refunding bonds, to the exclusion of unrefunded bonds; that such appropriation may be made, either in the annual budget of the issuing unit or by a subsequent transfer; and finally it ordered and directed defendants, the Board, to disburse all moneys appropriated, to the Interest and Sinking Fund account of said refunding bonds, solely for the purpose of serving the refunding bonds and for no other purpose whatsoever.

Plaintiff, appeals from the judgment against him as depriving him in violation of the law of the State, of funds to which he is entitled. Defendants, members of the Board, appeal from the judgment for the intervenor and against them as without warrant, because (1) the Board is not subject to suits by general creditors to control its action generally, but only to suits by persons having a specific right to the payment of specific moneys on hand, State ex rel. Suwannee River Bridge Co., v. Sholtz, 114 Fla. 135, 154 So. 871; Id., 119 Fla. 701, 160 So. 872, and, intervenor's suit, instead of for specific funds which it was entitled to have paid to it, was for general supervisory relief against the Board; and (2) Federal Court at the suit of general creditors may not enter general orders controlling the future conduct of state officers with regard to administration of public moneys, but orders directing public officials with regard to public funds must be based upon judgments establishing plaintiff's rights, and must be confined and limited in their scope. Louisiana v. Jumel, 107 U.S. 711, 2 S.Ct. 128, 27 L.Ed. 448; McCauley v. Kellogg, Fed.Cas.No. 8,688, 2 Woods 13; Rosenbaum v. Bauer, 120 U.S. 450, 7 S.Ct. 633, 30 L.Ed. 743; Smith v. Bourbon County, 127 U.S. 105, 8 S.Ct. 1043, 32 L.Ed. 73; City of Mobile v. Marx & Co., 5 Cir., 74 F.2d 569.

▇▇ Here, both Rittenoure and the Board, insist that the question of plaintiff's right to the funds on hand has been settled in his favor by Florida decisions. Cone v. State ex rel. Massey, 137 Fla. 417, 189 So. 44; State ex rel. Georgia Bond & Mortgage Co. v. Cone, 137 Fla. 412, 189 So. 47. Intervenor, appellee, insists that the Cone cases on which appellants rely as settling the question in plaintiff's favor, should not be accepted by us as controlling. In support of their position they urge both, that these cases have been overruled by later decisions and, that they are in conflict with earlier and better reasoned ones which appellee is entitled to have us follow. We cannot at all agree. The decisions appellants rely on dealt with and definitely decided the question before us. For us, as the latest decisions of the Florida court on the question, they are the law of Florida. Assuming, but by no means deciding, that they are in conflict with earlier decisions, we are not concerned with those decisions here. Wichita Royalty Company v. City National Bank, 306 U.S. 103, 59 S.Ct. 420, 83 L.Ed. 515. Nor does appellee stand any better upon its contention that the Cone cases have been overruled by the later case of Garland v. City of West Palm Beach, Fla., 193 So. 297. A reading of that case does not disclose to us any direct conflict with or overruling of, the Cone cases, but we are not left to our own reading. The Supreme Court of Florida, on motion for rehearing in the Garland case, handed down January 26, 1940, has decided for us, that there is no conflict or overruling. On the appeal of members of the Board, the intervenor stands no better. It is quite plain that the Board is not subject to the general supervisory jurisdiction of the Federal Court invoked and obtained by intervenor. Authorities cited by appellant board, supra. The decree, both in refusing to grant plaintiff's peremptory writ and in entertaining the intervention and granting relief upon it, was wrong.

The judgment is reversed and the cause is remanded with directions to grant plaintiff the relief he prays and to dismiss the intervention.

Reversed and remanded.