L. J. CARLTON, as Tax Collector of Hardee County, *et al.*,
v. STATE *ex rel.* A. G. SMITH

195 So. 913
Division A
Opinion Filed May 7, 1940
Rehearing Denied May 24, 1940

*W. W. Whitehurst* and *Robert J. Pleus,* for Plaintiff in Error;

*F. G. Janes, Jr.,* for Defendants in Error.

TERRELL, C. J.—Pursuant to Chapter 15772, Acts of 1931, Hardee County issued its court house and jail refunding bonds, Series of 1938, maturing January 1, 1968, bearing interest at three per ceent and graduated to five and a half per cent in 1950. An ad valorem tax sufficient to pay interest and principal as they mature was imposed on all the taxable values in the county.

A. G. Smith, the holder of original bonds which he refused to exchange for refunding bonds, brought this action in mandamus against the Tax Collector and Board of County Commissioners of Hardee County seeking to coerce payment of interest on his bonds from moneys held in the sinking fund account to service the refunding bonds. This writ of error is to a final judgment awarding peremptory writ of mandamus against the county.

The question presented may be stated as follows: May the holder of original bonds who refuses to exchange them for refunding bonds coerce payment of interest thereon from moneys raised by ad valorem taxes to service the refunding bonds and held in the sinking fund for that purpose?

Plaintiffs in error contend that this question should be answered in the negative and rely on State *ex rel.* Garland v. City of West Palm Beach, 141 Fla. 244, 193 So. 297, to support their contention. Defendant in error contends that the question should be answered in the affirmative and relies on State *ex rel.* Georgia Bond and Mortgage Co. v. Cone, 137 Fla. 412, 189 So. 47, and Cone v. State *ex rel.* Massey, 137 Fla. 417, 189 So. 44, to support his contention. So in reality, the question is whether or not this case is ruled by the two cases last cited or the Garland case first cited.

The line of cleavage between the cases relied on is as clear as the distinction between the law of entail and the statute of descents. In the latter cases, we were dealing with an excise tax which under the law was allocated to the payment

of all bonds without distinction while in the Garland case, we were dealing with an ad valorem tax imposed under Chapter 15772, Acts of 1931, for the purpose of servicing the refunding bonds. There were also equitable considerations in the Garland case that had nothing to do with our decision in the latter cases as we pointed out on the rehearing in the Garland case. The refunding bonds in the Garland case had been exchanged for the original bonds at reduced interest and on a very much more liberal contract. The holder of the original bonds in this case had a clear right under his bond contract to enforce the levy and collection of taxes to service them if the county failed to do so.

In the case at bar, we have a factual situation very similar to that in the Garland case. Defendant in error was the holder of original bonds which he declined to exchange for refunding bonds which were issued at a reduced rate of interest and on a contract different in other respects but no excise taxes were involved. Under the Act authorizing the refunding bonds, the county had made up its budget and imposed an ad valorem tax sufficient to service them. It would be inequitable and unjust to permit holders of original bonds to have them serviced from funds provided for servicing the refunding bonds.

From this it follows that the judgment of the circuit court must be and is hereby reversed.

Reversed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.