FRED P. CONE, J. M. LEE and W. V. KNOTT, as and Constituting the STATE BOARD OF ADMINISTRATION, *et al.*, Plaintiffs in Error, v. STATE *ex rel.* RICHARD W. WHITFIELD, Defendant in Error. (Leon County, No. 3932.)

199 So. 327

En Banc

Opinion Filed December 20, 1940

*George Couper Gibbs,* Attorney General, and *J. Compton French,* for Plaintiffs in Error;

*Whitfield & Whitfield,* for Defendant in Error.

CHAPMAN, J.—This case is before the Court on writ of error to review a final judgment entered by the Circuit Court of Leon County. The record discloses that the plaintiff below was the owner of coupons Nos. 23 to 28, both inclusive, issued by the Northeast Tampa Special Road and Bridge District No. 6 of Hillsborough County, Florida. The coupons are for the sum of $30.00 each and were issued on July 1, 1925, from bonds Nos. 431 to 435, and each of said coupons have matured and the total amount thereof is $900.00.

On August 15, 1939, the date of the service of the alternative writ of mandamus on the Board of Administration of the State of Florida, there was on hand and to the credit of the "interest and sinking fund account" of Special Road and Bridge District No. 6 of Hillsborough County, the sum of $1,993.00 in gasoline tax money and the gasoline tax moneys were budgeted and appropriated by the County Commissioners of Hillsborough County for and on behalf of Special Road and Bridge District No. 6. The gasoline taxes were appropriated by the county to the interest and sinking fund account of refunding bonds, to take the place of and in substitution for unlevied ad valorem taxes levied under the provisions of Chapter 15772, Acts of 1931, Laws of Florida. The coupons involved are taken from unrefunded bonds.

Counsel for the respective parties discuss and consider the following question as determinative and controlling of the case at bar:

"Does a holder of unrefunded original bonds have a right enforceable by mandamus proceedings, to sequester gasoline taxes which have been appropriated in lieu of ad valorem taxes, by the county commissioners, in the county budget, exclusively for the benefit of refunding bonds issued pursuant to Chapter 15772, Acts of 1931, which refunding bonds lower the interest·rate and extend the maturity date of the said original bonds?"

The lower court answered the above question in the affirmative. We fail to find error in this conclusion. The case here is ruled by State *ex rel.* Georgia Bond & Mtge. Co. v. Cone, 137 Fla. 412, 189 So. 47, and Cone v. State *ex rel.* Massey, 137 Fla. 417, 189 So. 44.

Counsel for plaintiffs in error contend that the facts in the case at bar are similar to the case of Carlton v. State *ex rel.* Smith, 142 Fla. 728, 195 So. 915, recently decided by this Court, and that it is difficult to distinguish between the rule enunciated in Carlton v. State ex rel. Smith, *supra*, and in State *ex rel.* Georgia Bond & Mtge. Co. v. Cone, *supra.* The case at bar deals with an excise tax and not an ad valorem tax as in Carlton v. State *ex rel.* Smith, where the ad valorem tax had been budgeted and earmarked to pay refunding bonds by the County Commissioners of Hardee County.

We fail to find error in the record and the judgment appealed from is hereby affirmed.

TERRELL, C. J., BROWN, BUFORD, THOMAS and ADAMS, J. J., concur.

Justice WHITFIELD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.