ALL FLORIDA LAND COMPANY, PENINSULAR EXPLORATION COMPANY, ALL SOUTHERN INVESTMENT CORPORATION, GULF EXPLORATION COMPANY, Florida Corporations; J. RAY ARNOLD, J. B. ARNOLD and R. L. ARNOLD, Petitioners, v. THOMAS, MANOR, INC., a Florida Corporation, and THE AETNA CASUALTY & SURETY COMPANY AT HARTFORD, CONNECTICUT, a Corporation, Respondents.

1 So. (2nd) 567
En Banc
Opinion Filed April 8, 1941
Rehearing Denied April 25, 1941

*McKay, Macfarlane, Jackson & Ferguson,* for Petitioners; *James Kytle Williams,* for Respondents.

ADAMS, J.—This case comes to this Court by petition for writ of certiorari to review the correctness of an order of the Circuit Court of Dade County transferring the case from the equity side of the court to the Civil Court of Record of Dade County.

The order was entered upon authority of Section 75, Chapter 14658, General Laws of 1931, otherwise known as the 1931 Chancery Act.

In the order of transfer the chancellor retained "jurisdiction for the purposes of administering equity as between the plaintiffs in the event of recovery of a judgment on the common law side, and that this said equity cause stand stayed pending the prosecution of the cause of action hereby transferred."

The chancellor's authority was derived solely from Section 75 *supra.* Necessarily he was without authority to exceed the statute. If there was anything stated for equitable cognizance then the court should have jealously guarded its jurisdiction for all lawful purposes. The statute contemplates that only in cases where the suit was erroneously brought on the equity side, that it should be transferred and does not contemplate the splitting of one law suit to make two.

We hold the order otherwise correct. The writ is directed to issue with instructions to the circuit court to delete the words quoted above.

WHITFIELD, CHAPMAN and THOMAS, J. J., concur.

Brown, C. J., Terrell and Buford, J. J., dissent.

Buford, J. (dissenting).—My conclusion is that the bill of complaint presents a case cognizable in equity under the doctrine stated in the case of National Surety Co., *et al.,* v. Graves, *et al.,* 211 Ala. 533, 101 Sou. 190, as follows:

"The doctrine of equitable apportionment between creditors having claims against a common fund rests on the same ground as contribution between debtors owing a common debt."

And in that case the Court said:

"It is suggested this statute provides the sole remedy— a suit at law by each person defrauded, until the penalty of the bond is exhausted; that provision is made for a new bond in case the first is insufficient; that there is no privity of contract between the several purchasers of stock to give them a status as claimants of a common fund in equity; that no trust fund is to be administered, etc.

In Bradford v. National Surety Co., 207 Ala. 549, 93 South. 473, successive suits were brought against the surety on the bond of a deputy sheriff. One plaintiff recovered and enforced collection to the full penalty of the bond. It was held that the surety could enjoin all pending or future actions on the bond. This rule would operate to protect the surety here. It is entitled to stand on the terms of its contract. When it has paid the penalty of the bond upon judgments lawfully recovered against it, it has met the demands of the law. It cannot be converted into a trustee, with the duty to ascertain all the claimants to the fund and cause it to be apportioned. This would defeat the statute. But the equity here rests on the relation of the claimants to the fund, as among themselves. The only privity required is that they are beneficiaries of a law-created indemnity for their common protection."

Where the remedy at law is not full, adequate and com-

plete the court of equity should retain jurisdiction of the cause. Craft, et al., v. Craft, 74 Fla. 262, 76 Sou. 772; City of West Palm Beach, et al., v. State, ex rel. Peterson, 132 Fla. 901, 182 Sou. 445; Fegelson v. Niagara Falls Ins. Co., 94 Minn. 486, 103 N. W. 495; Pomeroy on Equity Jurisprudence (2nd Ed.) Paragraph 269; Mordt v. Robinson, 116 Fla. 544, 156 Sou. 535.

The chancellor recognized that the allegations of the bill of complaint presented questions which were proper to be determined only in a court of equity and, therefore, by his order he retained jurisdiction of those matters to be taken up and settled after the result of a trial on the law side of the docket.

It is too well settled to require the citation of authorities that where a court of equity acquires jurisdiction to settle matters in controversy of equitable cognizance, it will retain jurisdiction to settle all questions between the parties arising out of the same subject matter and to adjudicate all the rights of the parties in regard thereto.

It, therefore, follows that the court committed error in relegating the plaintiffs to the law side of the docket to settle a part of the controversy when the allegations of the bill were sufficient to give the court of equity jurisdiction of the parties and the subject matter.

I think the certiorari should be granted and the challenged order should be quashed and the cause remanded for further proceedings.

Brown, C. J., and Terrell, J., concur.