POLEN, J.
On February 20, 2008, Appellant BMS was charged by petition for delinquency with one count of domestic battery and placed in secure detention. After an adjudicatory hearing, BMS was allowed to be released based on her Detention Risk Assessment, but declined to return home and stayed in the detention center pending other placement. On March 11, 2008, the court released BMS to Safe Harbor. On March 19, 2008, BMS was moved again to Kelly Center for inpatient substance abuse treatment. Within a week of being there, on March 24, 2008, BMS absconded. For three days thereafter, BMS’s whereabouts were unknown until the Jupiter Police Department apprehended her on March 27, 2008.
A disposition hearing was held on April 22, 2008, and BMS was adjudicated delinquent of domestic battery, which carried a maximum sentence of one year for an adult. The court placed her into Level 6 Moderate Risk Commitment Program in the Department of Juvenile Justice (“DJJ”) “for an indefinite period but no longer than the child’s 21st birthday or the maximum term of imprisonment an adult may serve as listed above in each count.” The court also declared during the hearing that “[BMS] is entitled to credit awaiting *1164 placement,” but left blank, in its order, the number of days that she should be credited.
BMS filed a notice of appeal and also submitted a motion to correct disposition pursuant to rule 8.135(b)(2), Florida Rules of Juvenile Procedure. She argued that she is entitled to credit for the time period between her arrest on February 19, 2008 and her commitment to DJJ on April 22, 2008, excluding the three days she was absent from the Kelly Center. The trial court never “file[d] an order ruling on [that] motion,” and the motion is thus “deemed denied.” Fla. R. Juv. P 8.135(b)(2)(B) (2008). BMS appeals such denial.
The issue of a juvenile’s entitlement to credit for time served in secure detention against a residential commitment to DJJ is reviewed de novo. J.I.S. v. State, 930 So.2d 587, 591 (Fla.2006). Here, although the trial court stated during the disposition hearing that “[BMS] is entitled to credit awaiting placement,” it left blank the number of days that she should be credited in its disposition order. BMS argues that such an omission is a reversible error and finds support in the Florida Supreme Court’s decision in J.I.S.:
We agree with the First District that on an “indeterminate” commitment, which is a residential commitment on which DJJ retains authority over the offender until he or she reaches a statutorily prescribed age, precommitment credit for time served in secure detention is not required by any court rule, statute, or constitutional provision.... However, to ensure that commitments will not exceed statutory limits, credit is required on a “determinate” commitment for an offense such as a misdemeanor that will necessarily conclude before the juvenile reaches the age at which DJJ’s authority ends.
930 So.2d at 590.
The case at hand involves a determinate commitment where BMS was committed “for an indefinite period but no longer than the child’s 21st birthday or the maximum term of imprisonment an adult may serve as listed above” as one year. See C.C. v. State, 841 So.2d 657, 658 (Fla. 4th DCA 2003) (finding that commitment into “a moderate risk program for an in determinate period not to exceed one year or the child’s nineteenth birthday” is a determinate commitment). In such a case, courts of this state have found that the juvenile is entitled to time served in secure detention. See, e.g., J.I.S., 930 So.2d at 590; C.C, 841 So.2d at 658-59; J.B. v. State, 829 So.2d 376, 378 (Fla. 4th DCA 2002).
The issue in this case, however, goes further. BMS challenges the court’s failure to specify the number of days to which BMS was entitled. And this Court has found such an oversight to be a reversible error in both J.B. and C.C.
In J.B., as in this case, the trial court’s order left blank the number of days the juvenile was to be credited. 829 So.2d at 377. This Court remanded that case and stated that “the order should be corrected to reflect any credit for time served in secure detention.” Id. at 378. Likewise, in C.C., this Court directed the trial court to “[calculate] the number of days spent in secure detention to be credited against the length of time the juvenile is committed.” 841 So.2d at 658.
More recently, however, the Florida Supreme Court considered the issue at hand and declined to make a ruling:
To address the uncertainty reflected in the trial court’s order as to whether predisposition time served in secure detention should be specified, we refer the *1165 matter to the Juvenile Procedure Rules Committee to determine whether we should adopt a rule requiring notation on all residential commitment orders. In the interim, trial courts certainly may specify time served in secure detention in juvenile delinquency commitment orders on indeterminate commitments, and under our holding today must grant credit for the time served when imposing determinate commitments.
J.I.S., 930 So.2d at 597 (emphasis added).[1] Thus, under J.I.S, the trial court here would not be considered to have committed a reversible error as it was required merely to grant BMS credit for the time served, but not necessarily to specify the number of days that BMS was entitled.[2]
J.I.S., however, did not explicitly disapprove and is not “in hopeless conflict with” this Court’s precedents requiring a trial court to specify the amount of time to be credited in its order. See State ex rel. Garland v. City of W. Palm Beach, 141 Fla. 244, 247-48, 198 So. 297 (Fla.1940) (“For one case to have the effect of overruling another, the same questions must be involved; they must be affected by a like state of facts and a conclusion must be reached in hopeless conflict with that in the former case.”); see also Wood v. Fraser, 677 So.2d 15, 18 (Fla. 2d DCA 1996) (“[I]n the absence of a clear expression from the Florida Supreme Court, the issue of whether [a district court’s] opinion[ ] is in conflict with a later supreme court opinion should be left to [the district court’s] determination.”). As such, we reverse and remand this case, in accordance with this Court’s ruling in J.B. and C.C., and direct the trial court to calculate and specify in its order the number of days that BMS is entitled to receive as credit for time served in secure detention.
HAZOURI and CIKLIN, JJ., concur.

. Contrary to the case at hand, the trial court in J.I.S. denied the juvenile’s oral request for credit for time served in secure detention.

. BMS’s reliance solely on J.I.S. is thus insufficient to reach the result that BMS seeks.